Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* JEFFREY KATZ CHRIOPRACTIC, INC. and the alleged Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **JEFFREY KATZ CHIROPRACTIC, INC.**, a California corporation, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **DIAMOND RESPIRATORY CARE, INC.**, a California Corporation, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

Plaintiff Jeffrey Katz Chiropractic, Inc. ("Katz" or "Plaintiff") brings this Class Action Complaint against Defendant Diamond Respiratory Care, Inc. ("Diamond" or "Defendant") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by its conduct. Plaintiff, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## II. PARTIES

1. Plaintiff Katz is a corporation incorporated and existing under the laws of the State of California. Katz's principal place of business is in San Francisco, California.

2. Defendant Diamond is a California corporation. Its principal office address is 1403 Palmyrita Avenue, Riverside, CA 92507.

3. Diamond does business throughout the United States, including in the State of California and in this District.

## III. JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in or were directed to this District.

## IV. COMMON ALLEGATIONS OF FACT

6. This case challenges Defendant's practice of sending unsolicited fax advertisements.

7. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.

8. Defendant has sent facsimile transmissions of unsolicited advertisements to

Plaintiff and the Class in violation of the JFPA. (*See* "Diamond Fax," a true and correct copy of which is attached hereto as Exhibit A.)

9. The Diamond Fax promotes the services and goods of Defendant, namely the sale of hand sanitizer.

10. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

11. Unsolicited faxes cause damage to their recipients, who suffer concrete harm. A junk fax recipient loses the use of its fax machine, paper, and ink toner.

12. An unsolicited fax wastes the recipient's time that would have been spent on something else.

13. A junk fax also invades the recipient's privacy.

14. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

15. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

16. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory for everyone, namely liability under the JFPA.

17. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each

violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

**V.     FACTS SPECIFIC TO PLAINTIFF KATZ**

18. Defendant transmitted a facsimile advertisement to Plaintiff on April 23, 2020. A copy of the facsimile is attached hereto as Exhibit A.

19. Defendant profited by, and received the benefits of, marketing of its products by facsimile and is a responsible party under the JFPA.

20. Defendant created or made Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products and which Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class.

21. Exhibit A is part of Defendant's work or operations to market Defendant's goods and services.

22. Exhibit A constitutes material furnished in connection with Defendant's work or operations.

23. Plaintiff has never invited nor given permission to Defendant to send the Faxes and had no prior relationship with Defendant.

24. On information and belief, Defendant faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

25. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.

26. Fax machines are left on and ready to receive the communications their owners desire to receive.

27. Defendant's facsimile did not display a proper opt-out notice as required by 47 C.F.R. 64.1200—indeed, it contains no opt-out notice at all.

**VI.     CLASS ACTION ALLEGATIONS**

28. In accordance with Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class

action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendant claims it obtained prior express permission or invitation to send the faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or released.

30. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

31. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable.

32. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

33. <u>Commonality (Fed. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    a.    Whether the Defendant sent unsolicited fax advertisements;

    b.    Whether the Defendant's fax advertised the commercial availability of property, goods, or services;

    c.    Whether the Defendant procured prior express permission or invitation

from the recipients to send the faxes;

    d.    Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

    e.    Whether the Faxes contained an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

    f.    Whether the Defendant should be enjoined from faxing advertisements in the future;

    g.    Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

    h.    Whether the Defendant sent the faxed advertisements knowingly or willingly such that the Court should award treble damages.

34.    <u>Typicality (Fed. R. Civ. P. 23 (a) (3))</u>: The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Faxes sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

35.    <u>Fair and Adequate Representation (Fed. R. Civ. P. 23 (a) (4))</u>: The Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the Class.

36.    <u>Common Conduct (Fed. R. Civ. P. 23 (b) (2))</u>: Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

37.    <u>Predominance, Superiority, and Manageability (Fed. R. Civ. P. 23 (b) (3))</u>:

Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a. Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

    b. Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

    c. The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    d. The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

    e. This case is manageable as a class action in that: (i) the Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages; (ii) liability and damages can be established for the Plaintiff and the Class with the same common proofs; (iii) statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner; (iv) a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense; (v) a class action will contribute to uniformity of decisions concerning the Defendant's practices; and (vi) as a practical matter, the claims of the Class are likely to go unaddressed absent class

certification.

## VII.   FIRST CAUSE OF ACTION
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq*
### (On Behalf of Plaintiff and the Class)

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

40. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

41. The faxes sent by Defendant advertised Defendant's services and goods, including its smart watch and monitoring system which are commercial services and goods, and the faxes are advertisements under the TCPA.

42. Plaintiff and the other class members never gave prior express consent, permission or invitation to receive the faxes.

43. Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant continue to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent

1  intervention by this Court, will do so in the future.

2  44. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

45. The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services and (b) the faxes constituted an advertisement.

46. The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. The faxes are annoying and invade Plaintiff's privacy. Moreover, the Defendant's faxes used the Plaintiff's fax machine.

47. The Defendant's fax cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Diamond Fax unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone.

48. The injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

49. **Opt-Out Notice Requirements.** To the extent that Defendant claim any sort of established business relationship with Plaintiff or members of the Class, the Fax is still unlawful because of Defendant's failure to include sufficient opt-out notice.

50. The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements").

CLASS ACTION COMPLAINT
-9-

1. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3. a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxes advertisement gave "prior

express permission or invitation" to receive the Faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

51.  Defendant sent the Diamond Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Diamond Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the fax because the fax fail to apprise recipients of their legal right to opt out. The faxes also do not advise that Defendant must honor any opt-out request within 30 days. The faxes were transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

52.  Plaintiff is entitled to $500 per violation, to be trebled if willfulness is found.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Katz, on behalf of itself and the Class, prays for the following relief:

1.  An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class and appointing its attorneys as Class Counsel;

2.  An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled where the faxes were knowingly or willfully sent, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.  An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lack the required opt out language, and that Defendant sent the faxes

without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Defendant from sending further faxes to Plaintiff and the Class without first obtaining prior express invitation or permission or that fail to contain appropriate opt out language, and otherwise protecting the interests of the Class;

    4.    An award of pre-judgment interest;

    5.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

    6.    Such further and other relief the Court deems reasonable and just.

### IX. JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 22, 2020

**JEFFREY KATZ CHIROPRACTIC, INC.**
individually and on behalf of all others similarly situated,

By: /s/ Rebecca Davis
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed