Paul A. Grammatico (SBN 246380)
pgrammatico@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant*

(Counsel continued on following page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>DIAMOND RESPIRATORY CARE, INC., a California Corporation<br><br>Defendant. | Case No. 3:20-cv-04108-CRB<br><br>**DEFENDANT DIAMOND RESPIRATORY CARE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: June 22, 2020<br><br>Honorable Charles R. Breyer |

1  Ryan D. Watstein (*Pro Hac Vice* to be filed)
   rwatstein@kcozlaw.com
2  Daniel H. Gaynor (*Pro Hac Vice* to be filed)
3  dgaynor@kcozlaw.com
   KABAT CHAPMAN & OZMER LLP
4  171 17th Street NW, Suite 1550
5  Atlanta, GA 30363
   Telephone: (404) 400-7300
6  Facsimile: (404) 400-7333
7
   *Counsel for Defendant*
8
9  Rebecca Davis (SBN 271662)
   rebecca@lozeaudrury.com
10 LOZEAU DRURY LLP
11 1939 Harrison St., Suite 150
   Oakland, CA 94612
12 Telephone: (510) 836-4200
13 Facsimile: (510) 836-4205

14
   Patrick H. Peluso (*Pro Hac Vice*)
15 ppeluso@woodrowpeluso.com
   Taylor T. Smith (*Pro Hac Vice*)
16 tsmith@woodrowpeluso.com
17 Woodrow & Peluso, LLC
   3900 East Mexico Ave., Suite 300
18 Denver, CO 80210
19 Telephone: (720) 213-0675
   Facsimile: (303) 927-0809
20
21 *Counsel for Plaintiff*

22

23

24

25

26

27

28

## I.     INTRODUCTION[1]

Defendant admits that Plaintiff, in its unnumbered first paragraph, purports to bring this action to stop Defendant's alleged practice of sending unsolicited fax advertisements and to obtain redress for all persons allegedly injured by Defendant's conduct.  Defendant further admits Plaintiff purports to make the allegations of its Complaint upon personal knowledge and information and belief.

## II.     PARTIES

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

2. Defendant admits the allegations in this paragraph.

3. Defendant admits that it does business in the State of California and that Defendant has done business in this District.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

## III.     JURISDICTION AND VENUE

4. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

5. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## IV.     COMMON ALLEGATIONS OF FACT

6. Defendant admits that Plaintiff's Complaint purports to challenge Defendant's alleged practice of sending unsolicited fax advertisement.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings.  However, Defendant does not admit the characterizations of such headings unless specifically admitted herein, nor does Defendant waive any right to object to those characterizations.

1   7. The referenced statute speaks for itself, and Defendant denies any allegations inconsistent with the language of the statute or which mischaracterize or misconstrue the statute.

8. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.  Further, the referenced exhibit speaks for itself, and Defendant denies any allegations inconsistent with the face of the exhibit or which mischaracterize or misconstrue the exhibit.

9. The referenced exhibit speaks for itself, and Defendant denies any allegations inconsistent with the face of the exhibit or which mischaracterize or misconstrue the exhibit.

10. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

11. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

12. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

13. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

14. The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

15. Defendant admits that Plaintiff purports to bring this case on behalf of itself and all others similarly situated as a class action asserting claims against

Defendant under the JFPA, but specifically denies that the case is suitable for class treatment

16. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

17. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Further, the referenced statute speaks for itself and Defendant denies any allegations inconsistent with the language of the statute or which mischaracterize or misconstrue the statute.

## V.  FACTS SPECIFIC TO PLAINTIFF KATZ

18. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

19. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

20. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

21. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

22. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

23. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

24. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

25. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

26. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

27. The referenced exhibit speaks for itself. Defendant denies any allegations inconsistent with the language of the exhibit or which mischaracterize or misconstrue the exhibit.

## VI.   CLASS ACTION ALLEGATIONS

28. Defendant admits that Plaintiff purports to bring this action on behalf of the class of persons as defined in this paragraph, but specifically denies that the case is suitable for class treatment.

29. Defendant admits that Plaintiff purports to exclude from the class the individuals and categories of individuals delineated in this paragraph.

30. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

31. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

32. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

DEF.'S ANSWER AND AFFIRMATIVE DEFENSES

33. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

35. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

36. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

37. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Defendant specifically denies that common questions of law or fact will predominate in this matter, and asserts that individualized inquiries and mini-trials will be required with respect to each and every putative class member concerning, among others, the technology and/or device by which any alleged advertisement was received, the alleged damages suffered as a result of receiving any such transmission or advertisement, and whether and in what manner consent was provided to receive each such transmission or advertisement.

## VII.   FIRST CAUSE OF ACTION
**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the Class)**

38. Defendant incorporates by reference the foregoing paragraphs responding to Plaintiff's allegations as if fully set forth herein.

39. The referenced statute speaks for itself.

40. The referenced statute speaks for itself.

DEF.'S ANSWER AND AFFIRMATIVE DEFENSES

41. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Further, Defendant denies that it offers for sale any "smart watch" or "monitoring system."

42. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

43. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

44. The referenced statutes speak for themselves, and Defendant denies any allegations inconsistent with the language of the statutes or which mischaracterize or misconstrue the statutes.

45. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

46. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

47. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

48. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

49. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

50. The referenced statute and FCC order speak for themselves, and Defendant denies any allegations inconsistent with the language of the statute or FCC order or which mischaracterize or misconstrue the statute or FCC order.

51. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph. Further, the referenced exhibit speaks for itself, and Defendant denies any allegations inconsistent with the face of the exhibit or which mischaracterize or misconstrue the exhibit.

52. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## VIII. PRAYER FOR RELIEF

53. Defendant denies all allegations contained in the "WHEREFORE" section of the Complaint, including all of its subparts and subparagraphs, and specifically denies that Plaintiff is entitled to any relief whatsoever against Defendant.

## GENERAL DENIAL

Except as expressly admitted herein by Defendant, each and every other allegation contained in Plaintiff's Complaint, whether in numbered or unnumbered paragraphs, is hereby denied.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates they are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)**

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided facsimile numbers for the purpose of receiving transmissions like the one referenced in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

## SIXTH AFFIRMATIVE DEFENSE

**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third-parties proximately caused any damages, injuries, or violations at issue.

## SEVENTH AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by

the transmission at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

## EIGHTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per facsimile, or monetary compensation for actual damages.

## TENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Join Party and/or Name the Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant, over which the Court may lack personal jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Any and claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to send transmissions to the numbers at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Defendant gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Prior Express Permission and/or Consent)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the fax or faxes at issue were sent with the recipients' prior express permission and/or consent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent: (1) the faxes were sent to recipients that had an established business relationship with Defendant, and (2) the recipient voluntarily communicated its fax number within the context of the established business relationship or voluntarily made its fax number available for public distribution.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Facsimile Machine)**

Plaintiff and the putative class members are barred from asserting their claims to the extent they received the transmission at issue via an online or electronic fax service rather than through a telephone facsimile machine.

**TWENTIETH AFFIRATIVE DEFENSE**

**(Emergency Purpose)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the transmissions at issue were sent for emergency purposes or are otherwise exempt in light of the COVID-19 pandemic.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Further Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendant reserves the right to amend its Answer to assert any such defense.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;
2. That the Complaint be dismissed with prejudice;
3. That the Court award Defendant costs and reasonable attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted, this 20th day of August, 2020.

KABAT CHAPMAN & OZMER LLP

By: */s/ Paul A. Grammatico*
    Paul A. Grammatico

*Counsel for Defendant*

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue, Suite 2225, Los Angeles, California 90071.

On **August 20, 2020**, I served the foregoing document(s) described as **DEFENDANT DIAMOND RESPIRATORY CARE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 20, 2020, at Atlanta, Georgia.

*/s/ Paul A. Grammatico*
Paul A. Grammatico

# SERVICE LIST

Rebecca Davis
LOZEAU DRURY LLP
Email: rebecca@lozeaudrury.com

Patrick H. Peluso
Taylor T. Smith
Woodrow & Peluso, LLC
Email: ppeluso@woodrowpeluso.com
Email: tsmith@woodrowpeluso.com

*Counsel for Plaintiffs*