UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESPIRATORY CARE, INC., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-04108-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Jeffrey Katz Chiropractic, Inc. ("Plaintiff" or "Katz") and Defendant Diamond Respiratory Care, Inc. ("Defendant" or "Diamond") (collectively Plaintiff and Defendant are referred to as the "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Rule 26(f) of the Federal Rules of Civil Procedure, and Civil Local Rule 16-9.

1. Jurisdiction & Service

This case is an alleged class action brought under the TCPA, a federal statute. As such, the Plaintiff contends that the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

2. Facts

  Plaintiff's Position: The case challenges Defendant's alleged violations of the Telephone Consumer Protections Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or the "Act"), specifically its practice of sending unsolicited fax advertisements.

  The facts are straight-forward: On April 23, 2020, Plaintiff Katz received an unsolicited fax advertisement from Defendant soliciting Plaintiff to purchase hand sanitizer. Plaintiff has never invited nor given any permission to Defendant to send fax advertisements. Further, Plaintiff does not have an established business relationship with Defendant. Moreover, the fax advertisement failed to include sufficient opt-out language. Thus, Plaintiff had no reasonable means to avoid receiving further transmissions. Accordingly, Plaintiff, on behalf of itself and a Class of similarly situated individuals, brings this action to put an end to Defendant's serial violations of the JFPA.

  Defendant's Position: Defendant acknowledges that Plaintiff's foregoing recitation is an accurate restatement of the allegations in Plaintiff's Complaint. Defendant denies liability and denies that Plaintiff is entitled to any relief whatsoever from Defendant, on an individual or class-wide basis.

3. Legal Issues

  Plaintiff's Position:

  (1) Whether the Defendant sent unsolicited fax advertisements;

  (2) Whether the Defendant's fax advertised the commercial availability of property, goods, or services;

  (3) Whether the Defendant procured prior express permission or invitation from the recipients to send the faxes;

  (4) Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

  (5) Whether the Faxes contained an "opt-out notice" that complies with the

|    |     |                                                                                                                                 |
|----|-----|---------------------------------------------------------------------------------------------------------------------------------|
| 1  |     | requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated                                                    |
| 2  |     | thereunder, and the effect of the failure to comply with such requirements;                                                     |
| 3  | (6) | Whether the Defendant should be enjoined from faxing advertisements in the future;                                              |
| 5  | (7) | Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and                                 |
| 7  | (8) | Whether the Defendant sent the faxed advertisements knowingly or willingly such that the Court should award treble damages.     |

Defendant's Position:

(1) Whether the transmission at issue was sent with Plaintiffs' prior express invitation or permission, per 47 U.S.C. § 227(a)(5);

(2) Whether Plaintiff has an established business relationship with Defendant, as that term is used in 47 U.S.C. § 227(b)(1)(C);

(3) Whether Plaintiff received the transmission at issue on a telephone facsimile machine, as that term is defined at 47 U.S.C. §§ 227(a)(3), (b)(1)(C);

(4) Whether Plaintiff's proposed class is so numerous that joinder of all members is impracticable;

(5) Whether there are questions of law or fact common to Plaintiff's proposed class;

(6) Whether Plaintiff's claims or defenses are typical of the claims or defenses of Plaintiff's proposed class;

(7) Whether Plaintive will fairly and adequately protect the interests of Plaintiff's proposed class;

Whether this action falls within one of the enumerated categories in Federal Rule of Civil Procedure 23(b).

4. Motions

Plaintiff's Position: Plaintiff anticipates moving for class certification following class

3

discovery and potentially moving for summary judgment in favor of itself and the class members. Discovery motions may also be potentially necessary.

<u>Defendant's Position:</u> Defendant anticipates potentially moving for summary judgment and potentially filing one or more discovery motions as necessary.

5. <u>Amendment of Pleadings</u>

<u>Plaintiff's Position:</u> Discovery may reveal other entities or individuals personally involved in placing the unsolicited faxes at issue so as to warrant their inclusion as additional defendants. Plaintiff also anticipates the potential need to amend the class definition following appropriate class discovery regarding the contours of the class. Plaintiff's position is that a deadline for amending the pleadings should be set at some point following completion of certain discovery regarding class related issues so as to identify any additional culpable parties and to appropriately focus the class definition. A deadline of 120 days following commencement of discovery regarding class related issues would suffice.

<u>Defendant's Position:</u> Given that neither Party currently expects or anticipates amending their pleadings, no such deadline is necessary. Federal Rule of Civil Procedure 16 and relevant case law will suffice to enable the Parties amend their pleadings as necessary, to the extent justice requires, in response to previously unknown information learned in discovery.

6. <u>Evidence Preservation</u>

The Parties certify that they have reviewed the ESI Guidelines. During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

7. <u>Disclosures</u>

The parties agree to exchange Rule 26(a) disclosures on or before October 8, 2020.

8. Discovery

No discovery has been served thus far and the parties have not identified any discovery disputes. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

**(1) Subjects on which discovery may be needed.** Discovery will be needed on the allegations asserted in the Complaint and the legal issues set forth above.

**(2) Issues relating to disclosure or discovery of electronically stored information.** If certain discovery is to be produced in electronic form, the parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

**(3) Issues relating to claims of privilege or of protection as trial-preparation material.** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

**(4) Changes in limitations on discovery.** The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules.

**(5) Orders that should be entered by the court.** The parties anticipate that a protective order governing the treatment of confidential information will be required and will submit a proposed order in the form of the Northern District's model order.

9. Class Actions

The Parties propose conducting discovery and briefing class certification pursuant to the schedule set forth below at Section 17.

10. Related Cases

5

The Parties are unaware of any pending cases related to this action.

11. Relief

Plaintiff's Position: Plaintiff seeks statutory damages for each of Defendant's violations of the JFPA, which provides for $500 per unsolicited fax, which may be trebled to $1,500 per fax if Defendant's violations are determined to be willful. Damages will be calculated depending upon the number of class members and the number of unsolicited faxes following discovery.

Defendant's Position: Defendant acknowledges that Plaintiff is seeking statutory damages in the amount of $500 or $1,500 per facsimile transmission that violated the JFPA, depending on whether any violations are found to be willful. Defendant denies that Plaintiff is entitled to any relief whatsoever.

12. Settlement and ADR

The Parties have complied with ADR L.R. 3-5. The Parties remain willing to discuss private, non-binding mediation before a mutually agreeable mediator if it appears appropriate after discovery into the merits of Plaintiff's individual claim and Rule 23's class-certification elements has been conducted. On August 18, 2020, Plaintiff's counsel indicated they would be making an individual settlement demand. To date, they have not done so, and the Parties have not otherwise discussed settlement, although the Parties are open to discussing settlement informally at any appropriate time.

13. Consent to Magistrate Judge For All Purposes

All Parties do not consent to have a magistrate judge conduct all further proceedings.

14. Other References

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

6

15. Narrowing of Issues

The Parties agree, to the extent necessary, to explore facts that can be proven by stipulation at the appropriate time.

16. Expedited Trial Procedure

The Parties do not believe that this case is suitable for an expedited trial.

17. Scheduling

Plaintiff's Position: Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Plaintiff proposes the following case schedule.

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | February 1, 2021 |
| Deadline to Complete Fact Discovery | June 2, 2021 |
| Plaintiffs' Expert Disclosures Due | June 11, 2021 |
| Defendants' Expert Disclosures Due | July 9, 2021 |
| Rebuttal Expert Disclosures Due | July 23, 2021 |
| Complete Expert Discovery | August 6, 2021 |

| | |
|---|---|
| Engage in Good Faith Settlement Discussions | June 2, 2021 |
| Plaintiffs to File Motion for Class Certification | August 27, 2021 |
| Defendants to File Opposition to Class Certification | September 10, 2021 |
| Plaintiffs to File Reply ISO Motion for Class Certification | September 24, 2021 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

Defendant's Position:   Defendant generally agrees with Plaintiff's proposed schedule with the exception of amending pleadings (as noted above) and class certification briefing, which Defendant contends should occur much sooner.  Federal Rule of Civil Procedure 23(c)(1)(A) provides that "the court must determine by order whether to certify the action as a class action" at "an early practical time after a person sues . . . as a class representative."   Defendants thus propose that any motion for class certification be filed no later than April 2, 2020—approximately six months from now.

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | October 9, 2020 |
| Deadline to Complete Fact Discovery | June 2, 2021 |

8

| | |
|---|---|
| Plaintiffs' Expert Disclosures Due | July 2, 2021 |
| Defendants' Expert Disclosures Due | July 2, 2021 |
| Rebuttal Expert Disclosures Due | August 20, 2021 |
| Complete Expert Discovery | March 12, 2021 |
| Engage in Good Faith Settlement Discussions | June 2, 2021 |
| Plaintiffs to File Motion for Class Certification (and any supporting class-certification expert reports) | April 2, 2021 |
| Defendants to File Opposition to Class Certification (and any rebuttal class-certification expert reports) | May 14, 2021 |
| Plaintiffs to File Reply ISO Motion for Class Certification | June 4, 2021 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

18. <u>Trial</u>

    Plaintiff anticipates that a jury trial will take 3-5 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

    The Parties will file the required Certification of Interested Entities or Persons within seven (7) days of submitting this statement.

20. <u>Professional Conduct</u>

9

All counsel have reviewed the Guidelines.

21. Other

The parties are not aware of any other matters at this time.

Dated: October 2, 2020        */s/ Patrick H. Peluso*
                              Counsel for Plaintiff

                              Rebecca Davis (SBN 271662)
                              Lozeau Drury LLP
                              410 12th Street, Suite 250
                              Oakland, CA 94607
                              Tel: 510-836-4200
                              Rebecca@lozeaudrury.com

                              Patrick H. Peluso (*pro hac vice*)
                              Taylor T. Smith (*pro hac vice*)
                              Woodrow & Peluso, LLC
                              3900 East Mexico Ave., Suite 300
                              Denver, Colorado 90210
                              Tel: 720-213-0676
                              ppeluso@woodrowpeluso.com
                              tsmith@woodrowpeluso.com


Dated: October 2, 2020        */s/ Paul A. Grammatico*
                              Counsel for Defendant

                              Paul Aldo Grammatico
                              Kabat Chapman & Ozmer LLP
                              333 S. Grand Ave, Suite 2222
                              Los Angeles, CA 90071
                              (213) 493-3980
                              Email: pgrammatico@kcozlaw.com

### SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By:   */s/ Patrick H. Peluso*
      Patrick H. Peluso

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on October 2, 2020.

*/s/ Patrick H. Peluso*