**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESPIRATORY CARE, INC., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-04108-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Jeffrey Katz Chiropractic, Inc. ("Plaintiff" or "Katz") and Defendant Diamond Respiratory Care, Inc. ("Defendant" or "Diamond") (collectively Plaintiff and Defendant are referred to as the "Parties") jointly submit this Joint Case Management Statement pursuant to the Court's February 22, 201 Order (dkt. 24).

**1.      Discovery Status**

On November 13, 2020, Defendant served its first set of discovery requests, including requests for production and interrogatories. Plaintiff served its objections and responses to Defendant's first set of requests on December 14, 2020. On November 18, 2020, Plaintiff served its first set of discovery requests, including requests for production and interrogatories. Defendant served its objections and responses to Plaintiff's discovery requests on December 28, 2020. On

1

March 29, 2021, Plaintiff served its second set of discovery requests on Diamond, including additional interrogatories and requests for production. Diamond served its responses to Plaintiff's second set of discovery on May 7, 2021. Plaintiff is awaiting the document production associated with Diamond's responses to the second set of discovery requests.

Through discovery, it was revealed that Diamond utilized Duck Dive Communications, LLC d/b/a jBlast's ("jBlast") fax broadcasting software to send the faxes at issue in this case. Consequently, on March 24, 2021, Plaintiff issued a subpoena to produce documents, information, or objects directed to nonparty jBlast, which specified a response deadline of April 23, 2021. On April 26, 2021, having received no response, Plaintiff's counsel reached out to jBlast. jBlast requested an additional copy of the subpoena to forward to its legal department. Shortly thereafter, counsel for jBlast reached out and indicated that jBlast was searching for responsive documents and that it would produce any relevant documents within its possession. Plaintiff is currently awaiting jBlast's subpoena response.

Additionally, Plaintiff's deposition was previously scheduled to commence on May 6, 2021. After conferring regarding the forthcoming production, the parties agreed to reschedule Plaintiff's deposition after jBlast produces any documents within its possession. Plaintiff also served its Rule 30(b)(6) Deposition Notice on Defendant. Diamond has not yet provided available dates for its corporate representative(s), however, the parties expect to schedule the deposition after jBlast serves its document production.

**2.  Proposed Modification to the Current Schedule**

Plaintiff's Position: Plaintiff requests a 60-day extension of all remaining deadlines. Plaintiff's current deadline to file its motion for class certification is June 1, 2021. The current delay is not the result of Plaintiff's failure to diligently prosecute the case. Rather, the extension is necessary given third party jBlast's failure to respond to the subpoena issued in this action. As explained above, the Parties expect that jBlast will produce documents responsive to the subject subpoena, including the likely production of the class fax records. As such, a brief extension will permit the parties sufficient time to obtain and review the jBlast production prior to commencing

depositions. Indeed, Plaintiff will be unfairly prejudiced if it is required to question Defendant absent relevant class records that are within jBlast's possession. Accordingly, Plaintiff respectfully requests that the Court enter an order extending all current deadlines by 60-days.

<u>Defendant's Position:</u>  Defendant does not oppose Plaintiff's request for an extension in principle, but Defendant believes 60 days is unnecessary, particularly in light of the previous 60-day extension granted by the Court on February 22, 2021.  Rather, Defendant believes that a 30-day extension would be more appropriate.

Dated: May 14, 2021   /s/ Taylor T. Smith
                      Counsel for Plaintiff

                      Rebecca Davis (SBN 271662)
                      Lozeau Drury LLP
                      1939 Harrison Street, Suite 150
                      Oakland, CA 94612
                      Tel: 510-836-4200
                      Rebecca@lozeaudrury.com

                      Patrick H. Peluso (*pro hac vice*)
                      Taylor T. Smith (*pro hac vice*)
                      Woodrow & Peluso, LLC
                      3900 East Mexico Ave., Suite 300
                      Denver, Colorado 90210
                      Tel: 720-213-0676
                      ppeluso@woodrowpeluso.com
                      tsmith@woodrowpeluso.com

Dated: May 14, 2021   /s/ Paul A. Grammatico
                      Counsel for Defendant

                      Paul Aldo Grammatico
                      Kabat Chapman & Ozmer LLP
                      333 S. Grand Ave, Suite 2222
                      Los Angeles, CA 90071
                      (213) 493-3980
                      Email: pgrammatico@kcozlaw.com

### SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By:    */s/ Taylor T. Smith*
          Taylor T. Smith

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on May 14, 2021.

*/s/ Taylor T. Smith*