Paul A. Grammatico (SBN 246380)
pgrammatico@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant,*
*Diamond Respiratory Care, Inc.*

(Counsel continued on following page)

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>DIAMOND RESPIRATORY CARE, INC., a California Corporation<br><br>Defendant. | Case No.  3:20-cv-04108-CRB<br><br>**DECLARATION OF CHRIS ARAGON**<br><br>Complaint Filed: June 22, 2020<br><br>Honorable Charles R. Breyer |

| | |
|---|---|
| 1 | |
| 2 | Ryan D. Watstein (*Pro Hac Vice*)<br>rwatstein@kcozlaw.com |
| 3 | KABAT CHAPMAN & OZMER LLP<br>171 17th Street NW, Suite 1550 |
| 4 | Atlanta, GA 30363<br>Telephone: (404) 400-7300 |
| 5 | Facsimile: (404) 400-7333 |
| 6 | *Counsel for Defendant* |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**DECLARATION OF CHRIS ARAGON**

Pursuant to 28 U.S. Code § 1746, the undersigned, Chris Aragon, says that:

1. My name is Chris Aragon. I am over the age of 18 years and competent to give this Declaration.

2. This declaration is based on my personal knowledge and review of documents that Diamond maintains in the ordinary course of business and were made at or about the time of the events described therein. If called and sworn as a witness, I could and would competently testify to the matters discussed in this declaration.

3. I am currently employed as a sales manager at Diamond Respiratory Care, Inc. ("Diamond"), and I have held this position since September of 2019. Prior to that, from October of 2008 to May of 2018 I was a delivery technician.

4. As part of my duties and responsibilities for Diamond, I am familiar with Diamond's sales processes, as well as communications with its prospective and existing customers.

5. I have reviewed the declaration of Chris Rice submitted with Diamond's opposition to the motion for class certification that describes Diamond's sales processes. The declaration is accurate. To summarize, Diamond's current and prospective customers consent to receive faxes from Diamond in many ways, including in the context of individualized overviews of Diamond's business, which can occur in person or on the phone. Diamond does not, and has not ever had, a static or uniform sales process that it requires its sales representatives to follow, nor is there a sales script for communicating with customers; rather Diamond encourages its sales representatives to meet with customers face-to-face and to organically develop relationships with their customers.

6. I, along with Diamond's counsel in this matter, interviewed over 20 putative class members from Diamond's customer relationship management system. These interviews were conducted with intended recipients of the hand-sanitizer fax and the fax numbers of many of those intended recipients appear on the purported "fax list" Diamond produced in this case, which Plaintiff refers to at 4:20-22 of its Motion.

7. All the interviewees chose to voluntarily speak with us. They all confirmed that they had prior relationships with Diamond and, during the course of that relationship, they gave consent

to send faxes like the particular hand-sanitizer fax at issue. To be clear, not a single interviewee said that we did not have consent to send them faxes like the hand-sanitizer fax at issue, that they were harmed by it, or that they were upset by it. Most did not even remember receiving it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2021.

CHRIS ARAGON