# Group Exhibit A

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Alleged Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESPIRATORY CARE, INC., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-04108-CRB<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE CLASS MEMBER DECLARATIONS OR FOR LEAVE TO TAKE DEPOSITIONS**<br><br>Date: December 9, 2021<br>Time: 10:00 AM<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6<br>Complaint Filed: June 22, 2020 |

I, Taylor T. Smith, declare as follows:

1. I am an attorney with the law firm Woodrow & Peluso, LLC and an attorney of record for Plaintiff Jeffrey Katz Chiropractic, Inc. ("Plaintiff" or "Katz") and the alleged Class in the above-captioned action. I am over the age of 18 and can competently testify to the matters set forth herein if called to do so.

2. On June 22, 2021, Plaintiff filed the instant case against Defendant Diamond Respiratory Care, Inc. ("Defendant" or "Diamond") alleging wide-scale violations of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act").

3. On July 12, 2021, Diamond, in the context of a settlement communication,

produced nine (9) declarations from potential class members, including declarations executed by Ena Ibarra, Adrien Rances, Lianna Medina, Ivon Rodriguez, Maria Teresa Politico, Jodi Stadler, Mayra Ramos, Laura Avila, and Rosa Briceno (collectively "Initial Declarations"). The declarations were not formally produced in discovery until August 13, 2021.

4. In or around July 2021, after receiving Initial Declarations as an attachment to a settlement demand, Plaintiff's counsel requested that Diamond's counsel supplement its initial disclosures to identify the declarants if they intended to rely on the declarations in this case. At this time, Diamond's counsel, Paul Grammatico, stated that he would review the disclosures and discovery responses to determine if that was necessary.

5. In August 2021, having received no disclosures from Diamond, Plaintiff's counsel began attempting to reach out to the individuals that signed the declarations produced by Diamond.

6. At the beginning of each call, Plaintiff's counsel informed each of the subjects of his name, his office, who he represented, and the nature and purpose of the call. Specifically, Plaintiff's counsel informed each of the subjects that Diamond had produced a series of declarations in discovery, including one signed by the subject. Then counsel asked whether they would be willing to voluntarily discuss the declaration that they had signed and the circumstances surrounding how it was obtained. The following details were procured during the course of these communications.

7. On August 17, 2021, I contacted Rosa Briceno[1] who is employed with Valley Comprehensive Medical ("VCM"). During that conversation, Ms. Briceno stated that she recalled being contacted by someone named "Chris" who worked with Diamond. Ms. Briceno further stated after the conversation with Chris, she received a declaration to sign that was drafted by Diamond's attorneys. She also revealed that she does recall receiving faxes from Diamond, however, she has no recollection of receiving a fax advertising hand sanitizer. Diamond also did not explain what "consent" meant in the context of her prior declaration. She stated that she had

---

[1] Ms. Briceno's initial declaration that was produced and drafted by Diamond incorrectly states that her name is Rose Briceno. (Dkt. 37-13.)

SMITH DECL. ISO
MOTION TO STRIKE

2

no issue receiving faxes from Diamond, however, she doesn't recall whether VCM provided any permission or consent to Diamond to prior to receiving faxes. She also did not recall how Diamond obtained VCM's fax number. Finally, Ms. Briceno confirmed that neither Diamond nor its counsel disclosed that by signing the declaration VCM may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Based on this conversation, Ms. Briceno agreed to sign a supplemental declaration to clarify her initial declaration, which is attached to this motion as Exhibit G.

8. In or around August 2021, I contacted Jodi Stadler who is employed with Asistencia Villa Rehabilitation and Care Center. Ms. Stadler requested that I contact her cellphone after work hours to discuss her declaration. Ms. Stadler has not responded to further attempts to reach her.

9. In or around August 2021, I contacted Ivon Rodriguez who is employed with the office of Dr. Amer Jandali. During that conversation, Ms. Rodriguez confirmed that she spoke with an attorney for Diamond. She also confirmed that Diamond's counsel did not explain "consent" under the JFPA. Further, because she was not employed with Dr. Jandali's office when its relationship with Diamond began, she stated that she was unaware of whether Diamond obtained any permission or consent to send faxes. For the same reason, she did not have knowledge of how Diamond obtained the office's fax number. Finally, she confirmed that Diamond's counsel did not disclose that by signing the declaration Dr. Jandali's office may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Ms. Rodriguez agreed to sign a supplemental declaration to clarify her initial declaration.

10. On August 19, 2021, I emailed Ms. Rodriguez a draft declaration in word format, which clarified her initial declaration and requested that she review the declaration to ensure its accuracy. Despite several assurances that she would return the declaration, Ms. Rodriguez has stopped responding.

11. On or around August 17, 2021, I spoke with Maria Politico who is employed with ERA Home Health. During that conversation, Ms. Politico revealed that Diamond's counsel did

not explain what the term "consent" meant in the context of her prior declaration. She went on to explain that ERA Home Health does not take issue with receiving faxes from third parties, however, she had no recollection as to how Diamond obtained ERA Home Health's fax number. She also did not recall receiving any fax advertising hand sanitizer for purchase. Lastly, Ms. Politico stated that Diamond's counsel did not disclose that by signing the declaration ERA Home Health may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Ms. Politico agreed to sign a supplemental declaration to clarify her initial declaration.

12. On August 19, 2021, I emailed Ms. Politico a draft declaration in word format, which clarified her initial declaration and requested that she review the declaration to ensure its accuracy. After several attempts to follow up, I eventually reached Ms. Politico on or around September 20, 2021. At that time, Ms. Politico did not dispute the accuracy of the supplemental declaration. Instead, she informed Plaintiff's counsel that she did not wish to be involved in the litigation or contacted further.

13. On or around August 17, 2021, I contacted Laura Avila who is employed with Dr. Jack Cochran, M.D. During that conversation, Ms. Avila confirmed that the office did have a relationship with Diamond. She further stated that she was contacted by someone on behalf of Diamond named "Daniel". Ms. Avila also revealed that the individual did not explain what the term "consent" meant in the context of her prior declaration. She further stated that the office does not take issue with receiving faxes from Diamond, however, she had no recollection of how Diamond obtained the office's fax number. She also had no recollection of receiving any hand sanitizer fax. Finally, Ms. Avila confirmed that Diamond's counsel did not disclose that by signing the declaration Dr. Cochran's office may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Based on this conversation, Ms. Avila agreed to sign a supplemental declaration to clarify her initial declaration.

14. On August 19, 2021, I emailed Ms. Avila a draft of the supplemental declaration in word format, along with her prior declaration. (*See* Avila Emails, attached hereto as Ex. 1.) I

asked Ms. Avila if the supplemental declaration was "accurate and acceptable" to her. (*Id.*) At no point, did I ask Ms. Avila to sign any declaration that was inaccurate.

15. Having not receiving any response from Ms. Avila, I contacted her on August 24, 2021. At this time, Ms. Avila stated that she simply did not want to be involved with this case. While she did not dispute the accuracy of the declaration, she requested not to be contacted. Plaintiff's counsel thereafter ceased communication.

16. Despite numerous attempts, I have been unable to reach Liana Medina who is employed with the office of Dr. Dong Kim. On August 31, 2021, I spoke with Sun Kim who is the office manager for Dr. Dong Kim. Ms. Kim informed me that Ms. Medina was out of the office for an indefinite period of time. During the course of this conversation, Ms. Kim confirmed that the office does have a relationship with Diamond. However, she stated that she does not recall the circumstances of how the relationship started but stated that it was likely before Ms. Medina's employment began.

17. On or around September 21, 2021, I contacted Adrien Rances who is employed with Suncrest Home Health Services ("Suncrest"). During that conversation, Ms. Rances stated that she recalled being contacted by an attorney that she believed was named Daniel Gaynor.[2] Ms. Rances stated that Mr. Gaynor informed her of the case by saying that another doctor's office received a fax from Diamond and was "upset" about it and decided to file a lawsuit. Ms. Rances stated that Suncrest had a good working relationship with Diamond for two to three years. Ms. Rances informed Plaintiff's counsel that Mr. Gaynor did not explain what "consent" meant in the context of her prior declaration. Instead, she stated that she did not consider faxes to be unsolicited because they are always looking for new business or suppliers. Ms. Rances went on to explain that she did not recall how Diamond obtained Suncrest's fax number or whether Suncrest provided any permission or consent to receive faxes from Diamond prior to the receipt of faxes. Based on this conversation, Ms. Rances agreed to sign a supplemental declaration to clarify her initial declaration.

---

[2] Daniel Gaynor was previously counsel for Diamond.

SMITH DECL. ISO MOTION TO STRIKE      5

18. On September 21, 2021, I sent Ms. Rances a draft of the supplemental declaration in word format, along with her prior declaration. (*See* Rances Emails, attached hereto as Ex. 2.) I specifically asked Ms. Rances if the declaration was "acceptable" to her. (*Id.*) I also stated, "If you believe the language should be changed, let me know and I'm happy to do so." (*Id.*) In response to a follow up email, Ms. Rances asked if I worked for Diamond. (*Id.*) I reiterated that I did not work for Diamond and explained that I represented the plaintiff in a lawsuit against Diamond. (*Id.*) To this, Ms. Rances replied, "Than [sic] I will not be signing thank you". (*Id.*) At no point did Ms. Rances dispute the accuracy of the supplemental declaration. Further, at no time, did I ask Ms. Rances to sign any declaration that was inaccurate.

19. Plaintiff's counsel made repeated attempts to locate Mayra Ramos. The declaration produced by Diamond states that Mayra Ramos is employed with the office of Dr. Luther Mangoba. Plaintiff's counsel spoke with the office of Luther Mangoba, which confirmed that no one by that name works for the office. Plaintiff's counsel eventually located Mayra Ramos who is actually employed by the office of Dr. Melanchton A. Mangoba. On September 21, 2021, I spoke with Mayra Ramos who stated that she could not speak with me until after she spoke with counsel for Diamond.

20. Plaintiff's counsel has been unable to locate Ena N. Ibarra, which Diamond claims is employed with Primrose Home Health, Inc. ("Primrose"). Primrose is not a registered business entity with the California Secretary of State. Further, the only publicly available telephone number that has been located for Primrose is (818) 357-2421, which is not a working telephone number.

21. Throughout these conversations, many of the declarants expressed confusion and frustration with the process, and some of the declarants questioned how the declarations would affect their relationship with Diamond.

22. On October 15, 2021, Diamond served its supplemental initial disclosures. The disclosures generally list the names of the declarants, however, it does not provide any contact information for any of the declarants or the relevant information in their possession.

23. Also on October 15, 2021, Diamond produced seven new declarations, including

supplemental declarations for Adrien Rances and Laura Avila together with declarations from Angelina O'Campo-Cruz, Michelle Castellanos, Katherine Castillo, Hope Quinonez, and Vahan Ambartsumian.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 4, 2021, in Denver, Colorado.

By:    */s/ Taylor T. Smith*

Taylor T. Smith
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628

# Exhibit 1



Taylor Smith <tsmith@woodrowpeluso.com>

# Diamond Respiratory Care, Inc. Draft Declaration - Laura Avila

**Taylor Smith** <tsmith@woodrowpeluso.com>  Thu, Aug 19, 2021 at 10:16 AM
To: avilalav@aol.com

Hi Laura,

Thank you for taking the time to speak with me on Tuesday. I have attached a draft declaration for you to review, along with your previously executed declaration. Please let me know if the draft declaration is accurate and acceptable to you. If so, please sign the declaration and send it back to me.

Please don't hesitate to reach out to me with any questions.

Best regards,
Taylor Smith
--

Taylor T. Smith I Woodrow & Peluso LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
(720) 907-7628 (direct)
tsmith@woodrowpeluso.com I www.woodrowpeluso.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Woodrow & Peluso, LLC.  It may be privileged, confidential, attorney work product, or otherwise exempt and is intended only for the individual to whom it was addressed and others who have been specifically authorized to receive it.  If you have received this communication in error and are not an intended recipient, please notify Woodrow & Peluso, LLC immediately and do not read, copy, use, or disclose this e-mail to others, including its attachments. After notifying Woodrow & Peluso, LLC, please delete the e-mail.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**2 attachments**

 **Laura Avila Declaration.pdf**
262K

 **Katz v. Diamond Respiratory - Declaration of Laura Avila.docx**
51K

# Exhibit 2



Taylor Smith <tsmith@woodrowpeluso.com>

# Declaration of Adrien Rances
5 messages

**Taylor Smith** <tsmith@woodrowpeluso.com>       Tue, Sep 21, 2021 at 1:03 PM
To: dren.rances24@gmail.com

Adrien,

Thank you for taking the time to speak with me today. As discussed on the call, I am attaching a short declaration, which I believe accurately clarifies your position with respect to the faxes. I am also attaching your prior declaration that was produced by Diamond Respiratory Care's counsel.

If everything is acceptable to you, please sign the declaration and return it to me. If you believe the language should be changed, let me know and I'm happy to do so.

Warm regards,
Taylor Smith
--

Taylor T. Smith I  Woodrow & Peluso LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
(720) 907-7628  (direct)
tsmith@woodrowpeluso.com  I  www.woodrowpeluso.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE. The information contained in this communication is the property of Woodrow & Peluso, LLC.  It may be privileged, confidential, attorney work product, or otherwise exempt and is intended only for the individual to whom it was addressed and others who have been specifically authorized to receive it.  If you have received this communication in error and are not an intended recipient, please notify Woodrow & Peluso, LLC immediately and do not read, copy, use, or disclose this e-mail to others, including its attachments. After notifying Woodrow & Peluso, LLC, please delete the e-mail.

Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**2 attachments**

 **Arien Rances Declaration.pdf**
121K

 **Katz v. Diamond Respiratory - Declaration of adrien rances.docx**
51K

**Taylor Smith** <tsmith@woodrowpeluso.com>       Thu, Sep 23, 2021 at 3:40 PM
To: dren.rances24@gmail.com

Hi Adrien,

I'm just following up to see if the declaration is acceptable to you? If changes need to be made, please let me know.

Thanks,
Taylor
[Quoted text hidden]

**Adrien Rances** <dren.rances24@gmail.com>    Thu, Sep 23, 2021 at 3:54 PM
To: Taylor Smith <tsmith@woodrowpeluso.com>

Do you work for Diamond Respiratroy?

Sent from my iPhone

> On Sep 23, 2021, at 2:41 PM, Taylor Smith <tsmith@woodrowpeluso.com> wrote:
>
> [Quoted text hidden]

**Taylor Smith** <tsmith@woodrowpeluso.com>    Thu, Sep 23, 2021 at 3:57 PM
To: Adrien Rances <dren.rances24@gmail.com>

I do not work for Diamond Respiratory Care, Inc. I'm an attorney with Woodrow & Peluso, LLC. Our office represents the plaintiff in a lawsuit against Diamond Respiratory Care, Inc. All of my contact information can be found below.

Best,
Taylor
[Quoted text hidden]

**Adrien Rances** <dren.rances24@gmail.com>    Thu, Sep 23, 2021 at 4:05 PM
To: Taylor Smith <tsmith@woodrowpeluso.com>

Than I will not be signing thank you

Sent from my iPhone

> On Sep 23, 2021, at 2:57 PM, Taylor Smith <tsmith@woodrowpeluso.com> wrote:
>
> [Quoted text hidden]