Paul A. Grammatico (SBN 246380)
pgrammatico@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant*

(Counsel continued on following page)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>vs.<br><br>DIAMOND RESPIRATORY CARE, INC., a California Corporation<br><br>Defendant. | Case No.  3:20-cv-04108-CRB<br><br>**DEFENDANT DIAMOND RESPIRATORY CARE, INC.'S OPPOSITION TO MOTION TO STRIKE OR EXCLUDE CLASS MEMBER DECLARATIONS OR FOR LEAVE TO TAKE DEPOSITIONS**<br><br>Date:   December 9, 2021<br>Time:  10:00 a.m.<br>Crtrm: 6<br><br>Honorable Charles R. Breyer |

Ryan D. Watstein (*Pro Hac Vice*)
rwatstein@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

*Counsel for Defendant*

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso (*Pro Hac Vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (*Pro Hac Vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff*

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

# **TABLE OF CONTENTS**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT. ..................................................1

II.     FACTUAL BACKGROUND. .......................................................................................2

III.     ARGUMENT. ..............................................................................................................4

       A.     Diamond Fully Satisfied Its Obligations under Rule 26 by Promptly Disclosing the Putative Class Member Declarations It Obtained. .........................4

       B.     Plaintiff Suffered No Harm and Diamond's Actions Were Substantially Justified. ...........................................................................................................5

       C.     Diamond's Communications with Putative Class Members Were Neither Misleading Nor Coercive. ..........................................................................6

       D.     The "Undated" Declarations Substantially Comply with 28 U.S.C. § 1746. ..........9

       E.     Plaintiff's Attempt to Discredit Diamond's Evidence is Meritless. .......................9

       F.     Plaintiff's Separately Filed Motion to Strike Violates Civil Local Rule 7-3(c) and Should Be Denied on That Basis Alone. ........................................11

       G.     The Court Should Strike or Disregard Plaintiff's Counsel's Declaration Because It Is Replete with Inadmissible Hearsay and Rank Speculation. ............11

       H.     The Court Should Deny Plaintiff's Request for Leave to Depose the Declarants Because Plaintiff Failed to Show Good Cause for Relief. .................12

IV.     CONCLUSION. ..........................................................................................................13

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co*,
    2011 WL 7036077 (N.D. Cal. Dec. 2, 2011) ........................................................................ 11

*Bacchus Mgmt. Grp., LLC v. Talisker Canyons (WA DAKOTA), LLC*,
    2011 WL 13243723 (N.D. Cal. Aug. 2, 2011) ..................................................................... 12

*Casey v. Home Depot*,
    2016 WL 7479347 (C.D. Cal. Sept. 15, 2016) ....................................................................... 7

*Castaneda v. Burger King Corp.*,
    264 F.R.D. 557 (N.D. Cal. 2009) ........................................................................................... 6

*Cortez v. Global Ground Support, LLC*,
    2010 WL 5173861 (N.D. Cal. Dec. 15, 2010) ..................................................................... 11

*Craftwood II, Inc. v. Wurth Louis & Co.*,
    2018 WL 6258883 (C.D. Cal. Oct. 2, 2018) .......................................................................... 9

*Dodona I, LLC v. Goldman, Sachs & Co.*,
    300 F.R.D. 182 (S.D.N.Y. 2014) ........................................................................................... 8

*Dukes v. Wal-Mart, Inc.*,
    222 F.R.D. 189 (N.D. Cal. 2004) ........................................................................................... 6

*F.T.C. v. H.N. Singer, Inc.*,
    1982 WL 1907 (N.D. Cal. Oct. 26, 1982) ........................................................................... 12

*Garrett v. Emirates Which Will Do Bus. in Cal. as Emirates Airline*,
    2018 WL 1316976 (E.D. Cal. Mar. 14, 2018)........................................................................ 8

*Gene And Gene LLC v. BioPay LLC*,
    541 F.3d 318 (5th Cir. 2008) ............................................................................................... 10

*Gulf Oil Co. v. Bernard*,
    452 U.S. 89 (1981) ................................................................................................................. 6

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ......................................................................................... 12, 13

*Krzesniak v. Cendant Corp.*,
    2007 WL 1795703 (N.D. Cal. June 20, 2007)...................................................................... 12

*Mowdy v. Beneto Bulk Trans.*,
    2008 WL 901546 (N.D. Cal. March 31, 2008) ...................................................................... 5

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

*Muniz v. United Parcel Serv., Inc.*,
738 F. 3d 214 (9th Cir. 2013) ...........................................................................12

*Outley v. City of N.Y.*,
837 F.2d 587 (2d Cir. 1988) .................................................................................5

*Patton v. Hanassab*,
2016 WL 6962747 (S.D. Cal. Nov. 29, 2016)........................................................4

*Pieszak v. Glendale Adventist Med. Ctr.*,
112 F. Supp. 2d 970 (C.D. Cal. 2000) ..................................................................9

*Silver v. Pennsylvania Higher Educ. Assistance Agency*,
2020 WL 607054 (N.D. Cal. Feb. 7, 2020) ...................................................10, 11

*True Health Chiropractic, Inc. v. McKesson Corp.*,
896 F.3d 923 (9th Cir. 2018) ..............................................................................10

*Van Maanen v. Youth With a Mission-Bishop*,
852 F. Supp. 2d 1232 (E.D. Cal. 2012) .................................................................5

*Van Maanen v. Univ. of the Nations, Inc.*,
542 F. App'x 581 (9th Cir. 2013).........................................................................5

**Statutes**

28 U.S.C.§ 1746 .....................................................................................2, 8, 9, 13

Cal. Bus. & Prof. Code § 6068 ...............................................................................8

**Rules**

Fed. R. Civ. P. 16 ..................................................................................................12

Fed. R. Evid. 801 ...................................................................................................12

Fed. R. Evid. 802 ...................................................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiff's motion to strike Diamond's putative class member declarations ("Motion") is an improper attempt to prevent the Court from considering key evidence showing, among other things, that individualized liability inquiries predominate over common ones such that class certification must be denied.  Even if it were properly raised, however, the Motion fails as a matter of law, as striking is an "extreme sanction" the elements of which Plaintiff cannot come close to satisfying.  Thus, the Motion is frivolous and the Court should deny it.

First, Plaintiff's contention that Diamond hid the identities of the declarants is exposed as false by Plaintiff's own arguments.  As an initial matter, Plaintiff concedes that Diamond produced nine of the 14 declarations at issue ***three months before the close of discovery***.  Yet Plaintiff failed to subpoena or request additional contact information for them and offers no explanation for its lack of diligence.  With respect to the remaining declarations, which Diamond did not obtain until after Plaintiff filed its motion for class certification, Plaintiff's complaints are similarly meritless.  Plaintiff does not dispute that Diamond produced the remaining declarations during the discovery period (in accordance with its Rule 26 obligations) and within two weeks of obtaining them (as it had with the original nine).  Indeed, Diamond could not have produced them earlier as it had not even spoken to the declarants, much less decided whether to obtain declarations or use them.  Regardless, Plaintiff's utter lack of diligence after receiving the declarations confirms that Plaintiff was not harmed by the timing of Diamond's disclosures and exposes his arguments as meritless.

Second, Plaintiff's false contention that Diamond misled or coerced the declarants to sign declarations is unsupported by its "evidence," which consists primarily of its counsel's speculative, hearsay declaration.  As shown below, Diamond fully complied with its ethical obligations when it contacted the declarants.  For example, Diamond's counsel identified themselves and Diamond, confirmed they did not represent the declarants, advised the declarants of the reason for their contact and the purpose for which the declarations would be used, and emphasized they were only interested in the truth.  Plaintiff has not submitted any credible evidence to the contrary, as none exists.

Third, Plaintiff's contention that the declarations contain legal conclusions because they use

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

the term "consent" is equally meritless.  "Consent" is a common term with a lay definition.

Fourth, Plaintiff's contention that three declarations are "undated" ignores that all three include the approximate month and year of execution, in substantial compliance with 28 U.S.C.§ 1746.

Fifth, the Motion violates Civil Local Rule 7-3(c), which required Plaintiff to lodge its objections to the declarations in its reply to Diamond's Opposition.  By failing to do so, Plaintiff effectively filed 10 additional pages of certification briefing without leave of the Court.

Sixth, Plaintiff's alternative request for leave to depose the declarants must be denied as it is an improper, unsupported motion to modify the Court's scheduling order without showing "good cause" for same—*i.e.*, that Plaintiff could not obtain the necessary discovery despite its diligence.  Plaintiff had 13 months of discovery (including multiple extensions), during which it could have sought depositions of putative class members—including the first nine declarants, whom Diamond identified three-and-a-half months before discovery closed.  Despite its multiple discovery extensions, Plaintiff has only taken a single deposition in the case, and has made no attempt to determine the identity of the putative class members, even though it bears the burden to establish that the case can be tried on a class wide basis.  Thus, Plaintiff's waiting until three days *after* discovery closed to request any declarant depositions evidences its utter lack of diligence.

Finally, the Court should strike or disregard Plaintiff's counsel's declaration, which is replete with hearsay, self-serving characterizations of hearsay communications, and rank speculation.

Accordingly, for the reasons discussed more fully below, the Motion should be denied.

## II.    FACTUAL BACKGROUND.

On June 22, 2020, Plaintiff sued Diamond alleging it received a fax stating "HAND SANITIZER NOW IN STOCK" (the "Hand Sanitizer Fax") from Diamond on or about April 23, 2020 in alleged violation of the TCPA.  Compl., Ex. A.  Plaintiff sought to represent a putative class of individuals to whom Diamond sent a fax substantially similar to the Hand Sanitizer Fax and from whom Diamond claims it obtained consent to send such faxes "in the same manner as Diamond claims it obtained prior express consent to fax the Plaintiff."  *Id.* ¶ 28.  Fact discovery was originally scheduled to close on June 2, 2021 (ECF 21), but was extended at Plaintiff's request several times:

- On February 19, 2021, Plaintiff requested a 90-day extension of discovery.  (ECF 23).  The Court granted a 60-day extension to August 2, 2021.  (ECF 24).
- On May 18, 2021, Plaintiff requested another 60-day extension of discovery to October 1, 2021 (ECF 27), which the Court granted.  (ECF 28).
- On June 23, 2021, Plaintiff requested yet another 30-day extension of discovery to November 1, 2021 (ECF 31), which the Court granted (ECF 32).

All told, Plaintiff had over 13 months of discovery.

In July 2021, Diamond sent a detailed letter to Plaintiff's counsel explaining why this case could never be certified, attaching nine putative class member declarations obtained between April 2021 and July 1, 2021.  Grammatico Decl., ¶ 4 and Ex. A.  The letter explained that Diamond only faxed individuals from whom it had procured consent and provided the nine declarations as evidence of that consent.  *Id.*  The declarations included the declarants' names and the clinics where they are employed.  *Id.*  Diamond produced this first set of putative class member declarations 3.5 months before discovery closed and just 11 days after obtaining the ninth declaration.  *See id.*  Before obtaining the declarations from the nine putative class members, Diamond's counsel first identified themselves, explained they represented Diamond and not the potential declarant, and confirmed the declarant was not represented by other counsel.  *Id.*  Diamond's counsel then provided a brief summary of the case and explained the purpose of their communication was to compile evidence to support Diamond's defense.  *Id.*  Diamond's counsel further explained it was each declarant's choice whether or not to speak with Diamond's counsel and that they only wanted truthful answers.  *Id.*  When requesting the declaration, Diamond's counsel explained it was completely voluntary and that, if the declarant provided a declaration, it would be filed with the Court and used in Diamond's defense.  *Id.*

While preparing its opposition to Plaintiff's Certification Motion, Diamond interviewed additional putative class members regarding their consent to receive faxes from Diamond.  Grammatico Decl., ¶ 5.  When it interviewed the declarants, and before obtaining any declarations, Diamond's counsel again followed the steps it had followed in obtaining the first nine declarations, as set forth above.  *Id.* ¶ 2.  The five new declarants all signed their declarations on September 30,

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

2021.  *Id*. at ¶ 5.  Diamond also obtained supplemental declarations from two of the prior declarants on October 1, 2021, to address Plaintiff's false accusations that Diamond misled and coerced them. *Id*. at ¶ 6.  Diamond attached copies of all executed declarations to its Opposition (ECF 37) on October 13, 2021, and served its supplemental Initial Disclosures (identifying all the declarants and reproducing all declarations) two days later on October 15, 2021—only 14 days after it finished obtaining these seven declarations.  *Id*. at ¶ 7.

Thus, the record establishes that Plaintiff received nine declarations 3.5 months before the close of discovery, knew Diamond intended to rely on the declarations in its defense, and was able to contact all but one of the declarants with the information provided in the declarations themselves. Yet Plaintiff failed to do so.  It did not attempt to subpoena any of the declarants, did not ask Diamond for specific contact information to subpoena them, and never moved to compel Diamond to produce any specific contact information it supposedly needed to contact them.  Instead, Plaintiff waited until *three days after discovery closed* to request the Court either strike Diamond's evidence of consent or grant Plaintiff leave to depose the declarants.

## III.    ARGUMENT.

### A.    Diamond Fully Satisfied Its Obligations under Rule 26 by Promptly Disclosing the Putative Class Member Declarations It Obtained.

Supplemental initial disclosures are not required where the subject witnesses are otherwise made known during the discovery process or in writing.  *Patton v. Hanassab*, No. 14-CV-1489, 2016 WL 6962747, at *1 (S.D. Cal. Nov. 29, 2016) ("The Advisory Note on Rule 26(e) clarifies that there is 'no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process.'"); FED. R. CIV. P. 26(e), Advisory Committee Note.

Here, Diamond produced copies of the first nine declarations it received on July 12, 2021— more than 3.5 months before discovery closed on November 1, 2021.  Grammatico Decl., ¶ 4.  The declarations provided the identity of each declarant, the clinic where he or she was employed, and the knowledge possessed by each declarant.  *Id*.; ECF 37-3 through 37-18.  Thus, Diamond was not required to supplement its initial disclosures to include the declarants as it had otherwise made them

4

known to Plaintiff well before the close of discovery. *See, e.g.*, *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1236 (E.D. Cal. 2012), *aff'd sub nom. Van Maanen v. Univ. of the Nations, Inc.*, 542 F. App'x 581 (9th Cir. 2013) (finding witness otherwise made known to opposing party where identity, location, and subject of information possessed by witness was revealed during numerous depositions in same case less than three months before discovery cut-off date).

### B.   Plaintiff Suffered No Harm and Diamond's Actions Were Substantially Justified.

Even where a party fails to timely supplement its disclosures, exclusion of witness testimony is inappropriate when the delay is substantially justified or harmless. *Id.* at 1237; *Outley v. City of N.Y.*, 837 F.2d 587, 589–91 (2d Cir. 1988) (reversing district court's "extreme sanction of preclusion" where no "extreme misconduct"). Here, Diamond's submission of the putative class member declarations is both harmless and substantially justified, requiring denial of the Motion. Plaintiff's arguments to the contrary are meritless.

First, Plaintiff's assertion (at 5) that it was "deprived [] of a meaningful opportunity to question [Diamond's] witnesses" is false. *See Mowdy v. Beneto Bulk Trans.*, 2008 WL 901546, *3 n.5 (N.D. Cal. March 31, 2008) (rejecting defendant's motion to strike declarations where plaintiffs failed to disclose declarations before motion for certification because no link between plaintiffs' omission and "any particularly damaging result to defendant"). Plaintiff has known nine of the declarants' names and correlating clinics and, most important, the substance of their testimony since July 12, 2021, over 3.5 months before the close of discovery. Plaintiff admits, in its Motion (at 2–4), that it was able to contact all but one of the declarants with the information provided. Plaintiff thus had ample opportunity to obtain the additional information it says it needed. And even though Plaintiff received nine of the declarations 3.5 months before the close of discovery and had "no doubt that Diamond considers this evidence important to its defense" (at 4), Plaintiff never attempted to subpoena any of the declarants, never asked Diamond for specific contact information to subpoena them, and never moved to compel Diamond to produce any specific contact information. Grammatico Decl., ¶ 8. As to the remaining five declarants, although Plaintiff received their names and that of their clinics 17 days before the close of discovery, Plaintiff waited until *three days after*

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

*discovery closed* to request the Court either strike their declarations or grant Plaintiff leave to take their depositions.

In short, Plaintiff made the deliberate decision to forgo conducting depositions of the nine declarants Diamond identified in mid-July. This lack of diligence demonstrates that Plaintiff was not harmed either by the timing or content of Diamond's disclosures. *See Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 199 (N.D. Cal. 2004) (finding no harm where of 215 fact declarations first provided when attached to class certification brief where no indication party would have actually deposed any of 215 managers even if given opportunity); *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 566 (N.D. Cal. 2009) (refusing to strike class member declarations as "far too harsh" where party timely disclosed declarants' names and substance of testimony but not contact information).

Second, Plaintiff's assertion (at 5) that "there is no justification for Diamond's failure to disclose the witnesses" is also false. Initially, Diamond did not fail to disclose any of its witnesses. As discussed in Section IV.B. above, Diamond was not required to supplement its initial disclosures because it "otherwise disclosed" all the declarants in writing. Diamond produced the first nine putative class member declarations only 11 days after it obtained the ninth declaration and 3.5 months before discovery closed. *See* Grammatico Decl., ¶ 4. Diamond produced the remaining declarations only 14 days after obtaining them. *See id.*, ¶¶ 5–6. Moreover, Diamond's purported delay disclosing the last five declarants was substantially justified because Diamond itself did not know it would rely on these witnesses until after it received Plaintiff's Motion for Class Certification (which modified the proposed class) and began preparing its opposition to same.

### C.   Diamond's Communications with Putative Class Members Were Neither Misleading Nor Coercive.

Pre-certification communications to putative class members by both parties are generally permitted and considered to constitute constitutionally protected speech. *See, e.g.*, *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981). Courts may not limit or strike from the record a party's communications with putative class members without a clear record and specific finding that misleading, coercive, or improper communications were made. *Id.* (reversing district court's order limiting communication with putative class members because "the mere possibility of abuses does

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

not justify routine adoption of a communications ban . . . in the absence of a clear record and specific findings of need"); *Casey v. Home Depot*, No. EDCV 14-2069 JGB (SPX), 2016 WL 7479347, at \*10 (C.D. Cal. Sept. 15, 2016) (denying plaintiff's motion to strike class member declarations where insufficient evidence showing defendant's counsel engaged in misleading or coercive conduct).

In *Casey*, the plaintiff sought to exclude class member declarations submitted in support of the defendants' opposition to the motion to class certification.  2016 WL 7479347, at \*5.  The plaintiff contended that the defendants failed to adequately inform the declarants about the action and "instructed" them to sign declarations that the defendants' counsel had prepared "even though [the declarations] contained inaccurate statements." *Id.*  The declarants all provided conflicting testimony regarding whether defendants' counsel informed them that they would be members of the putative class in the lawsuit, that the defendants' interests would be adverse to their own, or that the declarations would be filed in court.  *Id.* at \*6–8.  Nevertheless, the court determined that: (1) there was no evidence that defendants' counsel failed to identify themselves or "coerced" declarants into signing declarations; (2) all declarants testified that defendants' counsel informed them of the lawsuit; (3) at best, it was unclear whether the defendants counsel informed the declarants that they were potential class members and that their interests could be adverse to the defendants; and (4) only one of the four declarants testified that the statements in her declaration were inaccurate while another of the declarants testified that the statements in her declaration were true.  *Id.* at \*9.  Given these findings, the *Casey* court held plaintiff's motion was "patently meritless."  *Id.*

Plaintiff's contention (at 5) that the putative class member declarations "were obtained though coercive and misleading exchanges" is similarly meritless.  First, as in *Casey*, there is no evidence Diamond's counsel failed to identify themselves or "coerced" the declarants because this simply is not true.  On the contrary, Diamond's counsel provided all necessary disclosures, including but not limited to: (1) their identities and involvement in the lawsuit; (2) that they represented Diamond, not the declarants; (3) that the purpose of the communications was to compile evidence to support Diamond's case; (4) that it was each declarant's choice whether or not to speak with Diamond's counsel; (5) that Diamond's counsel only wanted the declarants to tell the truth; (6) that

7

it was each declarant's choice whether or not to sign a declaration; and (7) that if the declarant provided a declaration, it would be filed with the Court and used in Diamond's defense. Grammatico Decl., ¶ 2.  The single putative class member declaration Plaintiff obtained from Rosa Briceno does not contest any of these facts.  *See* Motion, Ex. G.

Second, Diamond and its counsel could not (and did not) give legal advice to the putative class members as to what is and is not in their interest. CAL. R. PROF'L. CONDUCT 4.3 (prohibiting lawyer from giving legal advice to unrepresented person whose interests conflict with lawyer's client).  The declarations Diamond obtained merely memorialized the information each declarant provided during their interviews in order to compile evidence to defend itself against a meritless lawsuit.  It is not against the declarants' interest to give truthful testimony to the Court, and it would have been inappropriate to have said otherwise.  *See Garrett v. Emirates Which Will Do Bus. in Cal. as Emirates Airline*, No. 2:14-cv-02717, 2018 WL 1316976, at *3 (E.D. Cal. Mar. 14, 2018) (explaining 28 U.S.C. § 1746's requirement that all declarations be made "under penalty of perjury that the foregoing is true and correct"); Cal. Bus. & Prof. Code § 6068 (requiring attorneys only employ means "consistent with the truth" and prohibiting them from seeking to mislead court by "false statement of fact").

Third, Plaintiff's contention (at 7) that Diamond's relationship with the declarants created an "inherently coercive" situation is meritless.  The two cases that Plaintiff cites (at 5–6), *Quezada* and *Mevorah*, actually highlight this point because they show what kind of "ongoing business relationship" is typically necessary to rise to the level of "inherently coercive"—an employer-employee relationship.  Accordingly, Plaintiff's cases are easily distinguishable as the declarants here are independent businesses that are in no way reliant on Diamond for services they are unable to obtain elsewhere.  *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 186–87 (S.D.N.Y. 2014) (declining to restrict communications under Rule 23(d) on that basis). While Plaintiff contends Diamond coerced its existing customers into signing declarations, the single putative class member declaration Plaintiff was able to obtain says nothing of the sort.  *See* Motion, Ex. G.

Fourth, Plaintiff fails to cite any authority showing Diamond had a duty to explain legal

terms to putative class members who it does not represent.  And using the word "consent" does not alone transform lay testimony into improper legal conclusions.  Plaintiff's argument to the contrary ignores that there is a lay person understanding of "consent."  Moreover, courts in the Ninth Circuit routinely accept putative class member declarations with similar language as sufficient proof of consent.  *See, e.g.*, *Craftwood II, Inc. v. Wurth Louis & Co.*, No. SACV1700606, 2018 WL 6258883, at *8 (C.D. Cal. Oct. 2, 2018) (finding sufficient evidence of consent defense based on customer declarations stating, "I am a longtime customer of [defendant].  I have received fax advertisements from [defendant].  I *consented* to receive those (and other) faxes.") (emphasis added).

As there is no clear record of any coercion or improper communications by Diamond or its counsel (because there was not any), Plaintiff's argument to the contrary fails.

## D.       The "Undated" Declarations Substantially Comply with 28 U.S.C. § 1746.

The purported lack of a specific date on three of the declarations does not mandate exclusion or call into question the validity of those declarations.  For a declaration to be admissible under 28 U.S.C. § 1746, "a party need only show 'the [execution] date or approximate date (depending on the situation).'"  *Pieszak v. Glendale Adventist Med. Ctr.*, 112 F. Supp. 2d 970, 999 (C.D. Cal. 2000) (declaration sufficient where approximate month and year of signature could be surmised from declaration in conjunction with declarant's deposition testimony).   Here, all three "undated" declarations substantially comply with 28 U.S.C. § 1746 by providing both the approximate month and year of execution: Laura Avila's-April 2021, Liana Medina's-June 2021, and Ivon Rodriguez's-June 2021.  *See* Motion, Ex. B at 13-22, 38-42.  Plaintiff offers no reason why these dates are insufficient.  Furthermore, if Plaintiff wished to challenge the declarations, it could have deposed the declarants as their declarations were produced more than 3.5 months before discovery closed.

## E.       Plaintiff's Attempt to Discredit Diamond's Evidence is Meritless.

The conspicuous lack of merit to Plaintiff's exclusion arguments lays bare its true purpose in filing the motion: to get an unauthorized third bite at class certification briefing.  Throughout the motion, Plaintiff tries to minimize or undercut the evidence Diamond presented in the declarations by arguing, for example (at 1), Diamond's efforts netted it only 14 declarations plus two

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

supplemental declarations.[1]  But Plaintiff entirely misses the point of the declarations (as well as Diamond's other evidence of consent).  It is not Diamond's burden to disprove the claim of any particular class member to defeat class certification, and the declarations are not offered for that purpose.  *See Silver v. Pennsylvania Higher Educ. Assistance Agency*, No. 14-CV-00652, 2020 WL 607054, at *11 (N.D. Cal. Feb. 7, 2020) (denying certification when "*plaintiff* failed to satisfy his burden of demonstrating that common issues of proof . . . of consent predominate").  Instead, Diamond need only demonstrate that Plaintiff's proposed method for proving liability on a class-wide basis does not avoid individualized inquiries.  That it has done in spades.

For example, the class member declarations merely corroborate the other evidence Diamond submitted in its Opposition establishing that Diamond obtained consent through a variety of methods, based on individual communications and long-standing relationships with its customers.  (ECF 37).  This evidence is more than enough to prove that only individualized inquiries can determine whether Diamond had consent to send marketing faxes to each of its customers.  Binding Ninth Circuit case law, which served as the baseline for Diamond's proof in this case, compels that conclusion.  *True Health*, 896 F.3d at 931 (affirming denial of class certification as to fax recipients whose consent defendant obtained via "individual communications and personal relationships" because "[t]he variation in such communications and relationships" defeated predominance); *see also Silver*, 2020 WL 607054, at *17 (denying class certification in TCPA case due to "the need to inquire into the parties' specific statements and actions to make such determination").

To the extent Plaintiff claims (via inadmissible hearsay) the declarants could not recall the exact details of how they gave consent, this apparent memory lapse simply confirms Diamond's point: an individualized inquiry into thousands of persons' fading recollections is required to determine consent.  As explained in further detail in Diamond's Opposition (at 14), Diamond's sales

---

[1]      Declarations of 14 putative class members is more than sufficient evidence of consent, considering the Ninth Circuit has found sufficient evidence of consent to create an individualized issue even *without* any putative class member declarations.  *See, e.g.*, *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018) (one declaration and one deposition by defendant representatives supported denial of certification of proposed class); *see also Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008) (relying on defendant's employee's testimony in upholding denial of class certification).

representatives interacted with and organically developed relationships with their customers, often over a period of years.  A fact finder would have to hear testimony about the recollections of all Diamond's sales representatives and thousands of current and former employees of physicians' offices regarding conversations that occurred over five years ago.  *See Silver*, 2020 WL 607054, at *17 (denying class certification in TCPA case due to "the need to inquire into the parties' specific statements and actions to make such determination").

Thus, Diamond has set forth more than enough evidence to prove Plaintiff's class certification theory is meritless and that class certification should be denied.  Accordingly, not only should Plaintiff's Motion to strike be denied, his related class certification arguments should also be rejected.

### F.   Plaintiff's Separately Filed Motion to Strike Violates Civil Local Rule 7-3(c) and Should Be Denied on That Basis Alone.

Plaintiff failed to comply with Civil Local Rule 7-3(c), which requires that any evidentiary and procedural objections to an opposition be contained within a party's reply.  *See Cortez v. Global Ground Support, LLC*, No. 09–CV–4138, 2010 WL 5173861, at *2 n. 5 (N.D. Cal. Dec. 15, 2010) (declining to consider evidentiary objections filed in separate brief pursuant to Rule 7–3).   Parties may not circumvent the page limits of their memoranda by filing a separate motion to strike or exclude.  *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co*, 11-CV-01846, 2011 WL 7036077, at *3 (N.D. Cal. Dec. 2, 2011) (denying separate motion to exclude evidence for failure to comply with Rule 7-3).  But Plaintiff did just that.  Despite obtaining leave of the Court to exceed its 15-page reply limit, Plaintiff lodged its evidentiary objections in a separate 10-page Motion to Strike rather than fitting them within the 16-pages of its Reply as required by Rule 7-3(c).  In essence, Plaintiff filed 10 additional pages of reply briefing without leave of Court.  Plaintiff's Motion is thus improper under Civil Local Rule 7-3(c) and should be denied on that basis as well.

### G.   The Court Should Strike or Disregard Plaintiff's Counsel's Declaration Because It Is Replete with Inadmissible Hearsay and Rank Speculation.

The Motion relies heavily on the declaration of its counsel, Taylor T. Smith ("Smith Declaration"), which is rife with inadmissible hearsay.  Hearsay—a declarant's testimony regarding a third party's statement offered to prove the truth of the matter asserted—is generally inadmissible

under the Federal Rules of Evidence.  FED. R. EVID. 801(c), 802.  The hearsay rules apply to attorney declarations like all other evidence; while attorneys may submit declarations on matters within their knowledge, attorney declaration testimony that constitutes hearsay is not admissible.  *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 738 F. 3d 214, 223 (9th Cir. 2013) (attorney declaration repeating paralegal's out-of-court statements concerning hours worked constituted inadmissible hearsay).

Here, the Smith Declaration egregiously and improperly summarizes alleged conversations between Smith and the declarants regarding their purported conversations with Diamond's counsel and the contents of their declarations.  *See generally*, Smith Decl.  Almost every single paragraph consists entirely of statements that Smith claims various declarants said, which he offers to prove the truth of the matters stated therein.  *Id.*  These statements are textbook inadmissible hearsay statements.  FED. R. EVID. 801(c), 802.  As the Smith Declaration is, in essence, an amalgamation of inadmissible hearsay statements, it should be stricken in its entirety.  *F.T.C. v. H.N. Singer, Inc.*, No. C-80-3068, 1982 WL 1907, at *8 (N.D. Cal. Oct. 26, 1982).

If the Court will not strike the entire Smith Declaration, at the very least, it should strike the specific statements within the declaration that constitution inadmissible hearsay (see Table 1) and should not consider the declaration for any purpose beyond Smith's efforts to obtain testimony from the declarants.  *See Bacchus Mgmt. Grp., LLC v. Talisker Canyons (WA DAKOTA), LLC*, No. C 11-00987, 2011 WL 13243723, at *10 (N.D. Cal. Aug. 2, 2011) (striking hearsay statements from declaration); *Krzesniak v. Cendant Corp.*, No. C 05-05156, 2007 WL 1795703, at *5 (N.D. Cal. June 20, 2007) (refusing to consider declaration for any purpose other than Plaintiff's counsel's efforts to obtain testimony where declaration contained hearsay).  Furthermore, because several arguments made in Plaintiff's Motion rely on these hearsay statements, these arguments should also be stricken (see Table 2).

### H.   The Court Should Deny Plaintiff's Request for Leave to Depose the Declarants Because Plaintiff Failed to Show Good Cause for Relief.

A party must show "good cause" for relief from a deadline set in a scheduling order, including the discovery cutoff.  FED. R. CIV. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)).  Plaintiff did not (and cannot) show good cause justifying its request because nothing but Plaintiff's own lack of diligence prevented it from taking the depositions of any class members.   While Plaintiff disingenuously blames its own shortcomings on Diamond, the record shows that Plaintiff obtained multiple discovery extensions and yet failed to depose any putative class members with that additional time.  *See* ECF 28, 31; Grammatico Decl. at ¶ 8.  All told, Plaintiff had 13 months of discovery (including multiple extensions), during which it could have sought depositions of all of the putative class members it wished—but Plaintiff declined to depose of *any* of the class members and has taken only a single deposition in the case.  Grammatico Decl. at ¶ 8.  And while Plaintiff also falsely claims it lacked sufficient contact information to subpoena the putative class members (which is contradicted by its own Motion at 2–4), it also failed to serve additional written discovery for any information it needed or to seek a Court order for such information.  To Diamond's knowledge, Plaintiff never even attempted to contact any other putative class members other than those interviewed by Diamond, even though it bears the burden of proof in this case.  As no good cause exists, the Court should deny Plaintiff's request.

**IV.    CONCLUSION.**

The Motion should be denied because Plaintiff's attempts to discredit Diamond's evidence of consent are meritless as: (1) Diamond complied with its discovery obligations by disclosing nine of the declarants 3.5 months before discovery closed, and any delay in disclosing the remaining five declarants was both substantially justified and harmless; (2) Diamond's communications with the declarants were neither misleading nor coercive; and (3) the three "undated" declarations substantially complied with 28 U.S.C. § 1746.  Furthermore, Plaintiffs Motion fails as it violates Civil Local Rule 7-3(c) and is based on a declaration Plaintiff's counsel's submitted that is rife with inadmissible hearsay and should be stricken.  Thus, the Court should deny Plaintiff's Motion and disregard Plaintiff's meritless class-certification arguments.

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

DATED: November 18, 2021

**KABAT CHAPMAN & OZMER LLP**

By: */s/ Paul A. Grammatico*
     Paul A. Grammatico

*Counsel for Defendant*

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue, Suite 2225, Los Angeles, California 90071.

On November 18, 2021, I served the foregoing document(s) described as **DEFENDANT DIAMOND RESPIRATORY CARE, INC.'S OPPOSITION TO MOTION TO STRIKE OR EXCLUDE CLASS MEMBER DECLARATIONS OR FOR LEAVE TO TAKE DEPOSITIONS** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on November 18, 2021, at Los Angeles, California.

*/s/ Paul A. Grammatico*
Paul A. Grammatico

---

1

PROOF OF SERVICE

1
2

**SERVICE LIST**

3   Rebecca Davis
    LOZEAU DRURY LLP
4   Email: rebecca@lozeaudrury.com

5   Patrick H. Peluso
    Taylor T. Smith
6   Woodrow & Peluso, LLC
7   Email: ppeluso@woodrowpeluso.com
    Email: tsmith@woodrowpeluso.com

8
    *Counsel for Plaintiffs*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE