# Table 1

| Statement Subject to Motion to Strike | Reasons It Should Be Stricken |
|---|---|
| "On August 17, 2021, I contacted Rosa Briceno" and "[d]uring that conversation, Ms. Briceno … revealed that she does recall receiving faxes from Diamond, however, she has no recollection of receiving a fax advertising hand sanitizer. Diamond also did not explain what 'consent' meant in the context of her prior declaration. She stated that she had no issue receiving faxes from Diamond, however, she doesn't recall whether VCM provided any permission or consent to Diamond to prior to receiving faxes. She also did not recall how Diamond obtained VCM's fax number. Finally, Ms. Briceno confirmed that neither Diamond nor its counsel disclosed that by signing the declaration VCM may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment."<br><br>Smith Decl. in Support of Mot. to Strike ¶ 7. | This statement constitutes hearsay because it reflects an out-of-court statement made by a third party (not the person attesting to it in the declaration) and it is being offered to prove the truth of the matter that this witness either does not recall certain statements she made in her declaration in support of Diamond's opposition or that certain of the statements she made in that declaration were untrue.  FED. R. EVID. 801(c), 802.  It is also being offered to prove the truth of the matter that—as Plaintiff alleges—Diamond's counsel did not disclose the impact that signing the declaration would have on this witness's rights to participate in a future class or obtain a money judgment from Diamond and also did not explain certain legal terms relevant to the witness's testimony.  These references to statements allegedly made to the witness by Diamond or its counsel are also improper hearsay within hearsay not subject to any exception.  FED. R. EVID. 805.<br><br>None of the hearsay exceptions apply.  For instance, several exceptions are inapplicable because the statements were not made during or immediately after the event discussed.  FED. R. EVID. 803(1)–(3).  These statements also do not constitute a "recorded recollection" because they were not made when the matter being discussed was fresh in the witness's memory.  FED. R. EVID. 803(5). |
| "In or around August 2021, I contacted Ivon Rodriguez who is employed with the office of Dr. Amer Jandali. During that conversation, Ms. Rodriguez confirmed that she spoke with an attorney for Diamond. She also confirmed that Diamond's counsel did not explain 'consent' under the JFPA. Further, because she was not employed with Dr. Jandali's office when its relationship with Diamond began, she stated that she was unaware of whether Diamond obtained any permission or consent to send faxes. For the same reason, she did not have knowledge of how | This statement constitutes hearsay because it reflects an out-of-court statement made by a third party (not the person attesting to it in the declaration) and it is being offered to prove the truth of the matter that this witness either does not recall certain statements she made in her declaration in support of Diamond's opposition or that certain of the statements she made in that declaration were untrue.  It is also being offered to prove the truth of the matter that—as Plaintiff alleges—Diamond's counsel did not disclose the impact that signing the declaration would have on this witness's rights to participate in a future class or obtain a money judgment from Diamond and |

1

| | |
|---|---|
| Diamond obtained the office's fax number. Finally, she confirmed that Diamond's counsel did not disclose that by signing the declaration Dr. Jandali's office may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Ms. Rodriguez agreed to sign a supplemental declaration to clarify her initial declaration." <br><br> Smith Decl. in Support of Mot. to Strike ¶ 9. | also did not explain certain legal terms relevant to the witness's testimony. These references to statements allegedly made to the witness by Diamond or its counsel are also improper hearsay within hearsay not subject to any exception. FED. R. EVID. 805. <br><br> None of the hearsay exceptions apply. For instance, several exceptions are inapplicable because the statements were not made during or immediately after the event discussed. FED. R. EVID. 803(1)–(3). These statements also do not constitute a "recorded recollection" because they were not made when the matter being discussed was fresh in the witness's memory. FED. R. EVID. 803(5). |
| "On or around August 17, 2021, I spoke with Maria Politico who is employed with ERA Home Health. During that conversation, Ms. Politico revealed that Diamond's counsel did not explain what the term 'consent' meant in the context of her prior declaration. She went on to explain that ERA Home Health does not take issue with receiving faxes from third parties, however, she had no recollection as to how Diamond obtained ERA Home Health's fax number. She also did not recall receiving any fax advertising hand sanitizer for purchase. Lastly, Ms. Politico stated that Diamond's counsel did not disclose that by signing the declaration ERA Home Health may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Ms. Politico agreed to sign a supplemental declaration to clarify her initial declaration." <br><br> Smith Decl. in Support of Mot. to Strike ¶ 11. | This statement constitutes hearsay because it reflects an out-of-court statement made by a third party (not the person attesting to it in the declaration) and it is being offered to prove the truth of the matter that this witness either does not recall certain statements she made in her declaration in support of Diamond's opposition or that certain of the statements she made in that declaration were untrue. It is also being offered to prove the truth of the matter that—as Plaintiff alleges—Diamond's counsel did not disclose the impact that signing the declaration would have on this witness's rights to participate in a future class or obtain a money judgment from Diamond and also did not explain certain legal terms relevant to the witness's testimony. These references to statements allegedly made to the witness by Diamond or its counsel are also improper hearsay within hearsay not subject to any exception. FED. R. EVID. 805. <br><br> None of the hearsay exceptions apply. For instance, several exceptions are inapplicable because the statements were not made during or immediately after the event discussed. FED. R. EVID. 803(1)–(3). These statements also do not constitute a "recorded recollection" because they were not made when the matter being discussed was fresh in the witness's memory. FED. R. EVID. 803(5). |
| "On or around August 17, 2021, I contacted Laura Avila who is employed with Dr. Jack Cochran, M.D. During that | This statement constitutes hearsay because it reflects an out-of-court statement made by a third party (not the person attesting to it in the |

| | |
|---|---|
| conversation, Ms. Avila confirmed that the office did have a relationship with Diamond. She further stated that she was contacted by someone on behalf of Diamond named 'Daniel'. Ms. Avila also revealed that the individual did not explain what the term 'consent' meant in the context of her prior declaration. She further stated that the office does not take issue with receiving faxes from Diamond, however, she had no recollection of how Diamond obtained the office's fax number. She also had no recollection of receiving any hand sanitizer fax. Finally, Ms. Avila confirmed that Diamond's counsel did not disclose that by signing the declaration Dr. Cochran's office may be giving up its right to participate in any future class or receive a portion of any money obtained as a result of any judgment. Based on this conversation, Ms. Avila agreed to sign a supplemental declaration to clarify her initial declaration."<br><br>Smith Decl. in Support of Mot. to Strike ¶ 13. | declaration) and it is being offered to prove the truth of the matter that this witness either does not recall certain statements she made in her declaration in support of Diamond's opposition or that certain of the statements she made in that declaration were untrue. It is also being offered to prove the truth of the matter that this witness's office has a special relationship with Diamond. Additionally, it is being offered to prove the truth of the matter that—as Plaintiff alleges—Diamond's counsel did not disclose the impact that signing the declaration would have on this witness's rights to participate in a future class or obtain a money judgment from Diamond and also did not explain certain legal terms relevant to the witness's testimony. These references to statements allegedly made to the witness by Diamond or its counsel are also improper hearsay within hearsay not subject to any exception. FED. R. EVID. 805.<br><br>None of the hearsay exceptions apply. For instance, several exceptions are inapplicable because the statements were not made during or immediately after the event discussed. FED. R. EVID. 803(1)–(3). These statements also do not constitute a "recorded recollection" because they were not made when the matter being discussed was fresh in the witness's memory. FED. R. EVID. 803(5). |
| "Despite numerous attempts, I have been unable to reach Liana Medina who is employed with the office of Dr. Dong Kim. On August 31, 2021, I spoke with Sun Kim who is the office manager for Dr. Dong Kim. Ms. Kim informed me that Ms. Medina was out of the office for an indefinite period of time. During the course of this conversation, Ms. Kim confirmed that the office does have a relationship with Diamond. However, she stated that she does not recall the circumstances of how the relationship started but stated that it was likely before Ms. Medina's employment began."<br><br>Smith Decl. in Support of Mot. to Strike ¶ 16 | This statement constitutes hearsay because it reflects an out-of-court statement made by a third party (not the person attesting to it in the declaration) and it is being offered to prove the truth of the matter that the witness's office has a relationship with Diamond and certain facts surrounding the inception of that relationship. FED. R. EVID. 801(c), 802.<br><br>None of the hearsay exceptions apply. For instance, several exceptions are inapplicable because the statements were not made during or immediately after the event discussed. FED. R. EVID. 803(1)–(3). These statements also do not constitute a "recorded recollection" because they were not made when the matter being discussed was fresh in the witness's memory. FED. R. EVID. 803(5). |

| | |
|---|---|
| "On or around September 21, 2021, I contacted Adrien Rances who is employed with Suncrest Home Health Services ('Suncrest'). During that conversation, Ms. Rances stated that she recalled being contacted by an attorney that she believed was named Daniel Gaynor. Ms. Rances stated that Mr. Gaynor informed her of the case by saying that another doctor's office received a fax from Diamond and was 'upset' about it and decided to file a lawsuit. Ms. Rances stated that Suncrest had a good working relationship with Diamond for two to three years. Ms. Rances informed Plaintiff's counsel that Mr. Gaynor did not explain what 'consent' meant in the context of her prior declaration. Instead, she stated that she did not consider faxes to be unsolicited because they are always looking for new business or suppliers. Ms. Rances went on to explain that she did not recall how Diamond obtained Suncrest's fax number or whether Suncrest provided any permission or consent to receive faxes from Diamond prior to the receipt of faxes. Based on this conversation, Ms. Rances agreed to sign a supplemental declaration to clarify her initial declaration."<br><br>Smith Decl. in Support of Mot. to Strike ¶ 17. | This statement constitutes hearsay because it reflects an out-of-court statement made by a third party (not the person attesting to it in the declaration) and it is being offered to prove the truth of the matter that this witness either does not recall certain statements she made in her declaration in support of Diamond's opposition or that certain of the statements she made in that declaration were untrue. It is also being offered to prove the truth of the matter that this witness's office has a relationship with Diamond. Additionally, it is being offered to prove the truth of the matter that—as Plaintiff alleges—Diamond's counsel did not explain certain legal terms relevant to the witness's testimony. Fed. R. Evid. 801(c), 802. These references to statements allegedly made to the witness by Diamond or its counsel are also improper hearsay within hearsay not subject to any exception. Fed. R. Evid. 805.<br><br>None of the hearsay exceptions apply. For instance, several exceptions are inapplicable because the statements were not made during or immediately after the event discussed. FED. R. EVID. 803(1)–(3). These statements also do not constitute a "recorded recollection" because they were not made when the matter being discussed was fresh in the witness's memory. FED. R. EVID. 803(5). |

4