Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESPIRATORY CARE, INC., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-04108-CRB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE OR EXCLUDE CLASS MEMBER DECLARATIONS OR FOR LEAVE TO TAKE DEPOSITIONS**<br><br>Date: December 9, 2021<br>Time: 10:00 AM<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6<br>Complaint Filed: June 22, 2020 |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ iii

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT ...................................1

II.     ARGUMENT ...........................................................................................................2

      A.      Diamond Failed To Disclose Any Of Its Claimed Witnesses. ...........................2

      B.      Diamond's Failure To Disclose Its Witnesses Prejudiced Plaintiff Katz. .........4

      C.      Diamond's Communications With The Declarants Were Misleading. ..............6

      D.      The Undated Declarations Should Be Stricken. ..................................................8

      E.      Diamond's Attempt To Relitigate Class Certification Should be
            Rejected. ..............................................................................................................8

      F.      Civil L.R. 7-8 Applies To The Instant Motion. ..................................................9

      G.      There Is No Basis For Striking Plaintiff's Counsel's Declaration. ..................10

      H.      If The Court Does Not Strike The Declarations, Plaintiff Should Be Granted
            Leave To Conduct Discovery. ............................................................................11

III.    CONCLUSION .....................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

*Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012) ...............................................9

*Bowe v. Pub. Storage*, No. 1:14-CV-21559-UU,

      2015 WL 10857339 (S.D. Fla. June 2, 2015) ......................................................7

*Casey v. Home Depot*, No. EDCV142069JGBSPX,

      2016 WL 7479347 (C.D. Cal. Sept. 15, 2016) ....................................................6

*Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011)...............................4

*In re Twitter Inc. Sec. Litig.*, No. 16-CV-05314-JST,

      2020 WL 485547 (N.D. Cal. Jan. 30, 2020) .......................................................9

*InfoSpan, Inc. v. Emirates NBD Bank PJSC*, No. SACV111062JVSANX, 2016 WL 8849699

      (C.D. Cal. June 8, 2016) ..........................................................................4

*Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985).........................................7

*Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ,

      2007 WL 1795703 (N.D. Cal. June 20, 2007) ...................................................10

*Maddock v. KB Homes, Inc.*, 248 F.R.D. 229 (C.D. Cal. 2007) ....................................................7

*Merch. v. Corizon Health, Inc.*, 993 F.3d 733 (9th Cir. 2021) .....................................................9

*Mevorah v. Wells Fargo Home Mortg., Inc., a div. of Wells Fargo Bank*, No. C 05-1175 MHP,

      2005 WL 4813532 (N.D. Cal. Nov. 17, 2005) ...................................................7

*Miller v. Int'l Bus. Machines*, No. C 02-2118 MJJ (MEJ), 2006 WL 8459962 (N.D. Cal. Apr. 13,

      2006) ................................................................................................5

*Patton v. Hanassab*, No. 14-CV-1489-AJB-WVG,

      2016 WL 6962747 (S.D. Cal. Nov. 29, 2016) ....................................................3

*Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959 (7th Cir. 2020)..........8

*Quezada v. Schneider Logistics Transloading & Distribution*, No. CV 12-2188 CAS DTBX, 2013

      WL 1296761 (C.D. Cal. Mar. 25, 2013)...........................................................7

*Schlumberger Tech. Corp., Inc. v. E. Charleston, Inc.*, No. 11-2587 LHK (PSG), 2013 WL

12212914 (N.D. Cal. Apr. 11, 2013) ........................................................3

*Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237 (D. Nev. 2017)................................................4

*Stemple v. QC Holdings, Inc.*, No. 12- CV-01997-BAS, 2015 WL 1344906 (S.D. Cal. Mar. 20,

2015) ........................................................8

*Tristrata, Inc. v. Microsoft Corp.*, No. 11-CV-03797-JST, 2013 WL 12172909 (N.D. Cal. May

13, 2013) ........................................................5

*Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232 (E.D. Cal. 2012) ................3

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) .............................4

**STATUTES, RULES, SECONDARY SOURCES**

28 U.S.C. § 1746, *et seq.*........................................................8

Fed. R. Civ. P. 26, *et seq.*........................................................5

Civil L.R. 7-8 ........................................................9

Cal. Bus. & Prof. Code § 6068 ........................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendant Diamond Respiratory Care, Inc. ("Defendant" or "Diamond") essentially concedes the key facts underlying Plaintiff's Motion to Strike or Exclude Class Member Declarations. Notwithstanding this, however, Diamond offers a series of excuses for its failure to disclose the contact information for its witnesses. None of its supposed justifications has merit. First, although Diamond confirms that it failed to disclose its witnesses in its initial disclosures, Diamond asserts that it "otherwise disclosed" its witnesses by providing their declarations and that any failure to disclose them more formally was harmless. This misses the point: Diamond never disclosed the contact information for any of its witnesses and this directly impacted Plaintiff's ability to locate them.

Next, Diamond claims that its communications with the declarants were not misleading. In support, Diamond's counsel improperly attempts to revise his earlier sworn statement to claim that he informed the declarants that the declarations would be used to support Diamond's defenses. Even if the Court permits Diamond's counsel to revise his sworn statement (it should not), Diamond still concedes that it failed to inform the declarants that that they may be class members or that their interests may be adverse to Diamond's interests. Diamond further concedes that never defined the term "consent" within the context of the declarations. These admissions confirm that the communications were coercive and misleading.

Diamond further concedes that three of the declarations are undated, however, it claims they substantially comply with 28 U.S.C. § 1746 because they included a month and year. But Diamond pre-filled the month and year. There is no actual evidence showing when the declarants may have signed the declarations. The declarations should be stricken for this reason as well.

Diamond also asserts a series of off-base arguments that should be rejected. It attempts to relitigate class certification by claiming that the declarations are enough to defeat certification. This is false. As explained more fully in Plaintiff's reply in support of class certification, the declarations are too vague to constitute actual evidence of prior express permission or invitation—of which Diamond has conceded it has none.

1    Diamond also claims that the Motion to Strike should be denied because Plaintiff

2  supposedly didn't follow Civil L.R. 7-3, which requires evidentiary objections be raised in a reply

3  to a substantive motion. Diamond ignores, however, the fact that the motion to strike is seeking

4  discovery sanctions to exclude evidence under Rule 37. Hence, it is Civil L.R. 7-8 that applies to

5  the instant motion, which requires the motion to be filed separately.

6    Diamond also argues that the Court should strike Plaintiff's attorney's declaration because

7  it contains hearsay statements. In setting out this argument, Diamond concedes that the entire

8  declaration is permissible for another purpose—to demonstrate the attempts that Plaintiff's

9  counsel undertook to contact the declarants. Indeed, the declaration details the difficulties

10 associated with locating the declarants stemming from Diamond's failure to disclose its supposed

11 witnesses. Additionally, Diamond concedes that the majority of the declaration (17 out of 23

12 paragraphs) doesn't contain any hearsay statements.

13    Finally, Diamond asserts that Plaintiff has failed to establish "good cause" to reopen

14 discovery. While the request was submitted solely as an alternative to striking the declarations,

15 there is plainly good cause to reopen discovery where Diamond (as of the filing of this reply) still

16 hasn't complied with its disclosure obligation yet seeks to rely on the undisclosed witnesses.

17    For these reasons and as set forth below, the Court should enter an order striking or

18 excluding the class member declarations.

19 **II.    ARGUMENT**

20    **A.    Diamond Failed To Disclose Any Of Its Claimed Witnesses.**

21    Unable to show that it complied with its discovery obligations, Diamond starts by

22 claiming that it "was not required to supplement its initial disclosures to include the declarants as

23 it had otherwise made them known to Plaintiff." (Opp. at 4-5.) In support, Diamond asserts that it

24 turned over nine of the declarations 3.5 months prior[1] to the close of discovery. This argument

25 misses the point.

26

27 _____

[1] Throughout its Opposition, Diamond asserts that it disclosed the declarations in its July 12,
2021, letter. Yet, Diamond neglects to mention that this was a settlement letter that was subject to

28 Fed. R. Evid. 408. (*See* Dkt. 37-2 at 61.) Diamond did not actually produce the declarations in
discovery until August 13, 2021. (Dkt. 42-1 ¶ 3.)

The problem for Diamond is not that it didn't produce the declarations. Rather, the issue is that it never (and still has not) provided any contact information for any of its claimed witnesses. (Dkt. 42-1 ¶ 22.) Diamond also ignores the fact that it is (and always has been) solely within the possession of its witnesses' contact information. (Dkt. 37-2 ¶ 5.) Indeed, Rule 26 requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses." *Schlumberger Tech. Corp., Inc. v. E. Charleston, Inc.*, No. 11-2587 LHK (PSG), 2013 WL 12212914, at *1 (N.D. Cal. Apr. 11, 2013).

Diamond's reliance on *Patton v. Hanassab*, No. 14-CV-1489-AJB-WVG, 2016 WL 6962747 (S.D. Cal. Nov. 29, 2016) and *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232 (E.D. Cal. 2012) is misplaced. Both cases actually support Plaintiff's position. In *Patton*, the court declined to strike witnesses because they had been adequately disclosed in response to an interrogatory. *Patton*, 2016 WL 6962747, at *3. Indeed, the plaintiff had disclosed the witnesses' names together with "<u>an address and phone number for each</u>." *Id.* at *2 (emphasis added). Similarly, in *Van Maanen*, the court refused to strike a witness not previously disclosed because the witness was disclosed during a deposition, along with his "identity, position, <u>location,</u> and the <u>subject of the information he possessed</u>." *Van Maanen*, 852 F. Supp. 2d at 1237-38 (emphasis added). Hence, *Patton* and *Van Maanen* demonstrate that for a party to have "otherwise disclosed" a witness, they must disclose all of the necessary information—including the names, contact information, and subject matter of the testimony. To date, Diamond has not disclosed any contact information for any of the declarants. As such, it has not complied with its discovery obligations.

As a final point, if Diamond had no duty to supplement (as it now claims), then it begs the question: why did it serve supplemental disclosures after its opposition to class certification was filed? Diamond intentionally delayed disclosing its witnesses to gain a tactical advantage.

Put simply, Diamond's claim that it complied with its discovery obligations is undercut by the facts. The Court should find that Diamond failed to comply with its duty to supplement its initial disclosures and strike the declarations.

**B.**     **Diamond's Failure To Disclose Its Witnesses Prejudiced Plaintiff Katz.**

Diamond next asserts that its failure to disclose its witnesses was harmless. According to Diamond, "Plaintiff never attempted to subpoena any of the declarants, never asked Diamond for specific contact information to subpoena them, and never moved to compel Diamond to produce any specific contact information." (Opp. at 5.) This argument is flatly incorrect.

First, Diamond was obligated to supplement its disclosures. *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, No. SACV111062JVSANX, 2016 WL 8849699, at *1 (C.D. Cal. June 8, 2016) ("Parties are obligated to supplement their disclosures.") (citing Fed. R. Civ. P. 26(e)(1)). Where a party fails to disclosure its witnesses, Rule 37(c)(1) provides that the exclusion of the witnesses is "a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). The only exception to this rule is if the failure "is substantially justified or harmless." *Id.* The burden to demonstrate harmlessness falls on Diamond. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("the burden is on the party facing sanctions to prove harmlessness."). Diamond cannot show harmlessness.

Indeed, Diamond ignores the harm it caused. Plaintiff was unable to locate the individual witnesses. At least one of the individuals does not work where Diamond claims it does (dkt. 42-1 ¶ 19), and Plaintiff has been unable to contact two of the individuals at all (*id.* ¶¶ 16, 20). Further, five of the declarations were not turned over until after Diamond filed its opposition to class certification despite being obtained in September (*id.* ¶ 23; *see also* dkt. 42-3)—which effectively deprived Plaintiff of a meaningful opportunity to question them. Diamond's opposition glosses over these facts, but the entire purpose of Rule 26 disclosures is to "eliminate surprise and trial by ambush." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017).

Rather than address the harm caused, Diamond attempts to shift the blame. Diamond claims that Plaintiff never asked for the contact information, but Plaintiff's counsel specifically contacted Diamond's counsel in July 2021 to request that Diamond supplement its initial disclosures to *identify the declarants* if it intended to rely on the declarants in this action. (Dkt. 42-1 ¶ 4.) Tellingly, Diamond does not dispute this conversation. Regardless, Plaintiff has no duty

to request this information. The duty to disclose lies with Diamond.

Diamond also claims that Plaintiff was not harmed because it did not seek depositions of the initial nine declarants. This argument fails. By not disclosing the witnesses that it planned to rely on, Plaintiff was unaware of whether the declarants were a settlement tactic or if Diamond intended to call the witnesses. Further, Plaintiff did request that Diamond produce the sworn and unsworn statements of any witness in this case. (*See* Response to Request for Production No. 11, attached hereto as Ex. A.). But Diamond never disclosed the declarations in response to that request. Instead, it produced the declarations in response to a third set of discovery requests, which confusingly "referred" Plaintiff to its July 12th letter (*see* Responses to Requests for Production Nos. 27-28, 30-37, attached hereto as Ex. B), which, again, was subject to Fed. R. Evid. 408. Absent fair notice, Plaintiff was unaware of Diamond's actual intended use of the declarations.

Finally, Diamond's assertion that the late disclosure of the remaining declarations was substantially justified because it didn't know whether it would rely on them is meritless. Rule 26 requires the disclosure of all *potential* witnesses. *Miller v. Int'l Bus. Machines*, No. C 02-2118 MJJ (MEJ), 2006 WL 8459962, at *2 (N.D. Cal. Apr. 13, 2006); *see also* Fed. R. Civ. P. 26(a)(1)(A)(i). As such, it's irrelevant when Diamond decided to rely on the witnesses; at the time, Diamond understood that it may rely on them. Moreover, and as with the initial declarants, Diamond did not disclose the witnesses' contact information at all. Instead, it produced the declarations (first to the Court and then days later to Plaintiff). Put simply, there is no justification for why Diamond couldn't have timely amend its disclosures. What Diamond is asking this Court to believe is that it's counsel could locate the declarants' contact information, communicate with them, draft declarations for them, and file the declarations with the Court, yet it was somehow too burdensome to disclose them. Diamond acted as if the rules don't apply.

In the end, Diamond's failure to disclose its witnesses was not harmless. It waited until 17 days prior to the close of discovery to even attempt disclosure. By that time, there was no way to depose or adequately question each of its witnesses without extending the discovery schedule. And "[d]isruption to the schedule of the court and other parties ... is not harmless." *Tristrata, Inc.*

*v. Microsoft Corp.*, No. 11-CV-03797-JST, 2013 WL 12172909, at *3 (N.D. Cal. May 13, 2013) (quoting *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

### C.   Diamond's Communications With The Declarants Were Misleading.

Unable to explain away its discovery violations, Diamond asserts that its communications were not misleading or coercive. In supposed support, Diamond claims that it advised the declarants that the declarations would be used for its defense, that it cannot give legal advice to the declarants, that the circumstances were not inherently coercive, and that it had no duty to explain what "consent" meant in the context of the declaration. (Opp. at 7-9.) All are untrue.

First, Diamond's claim that it informed the declarants that it would use the declarations to support its defense should be disregarded. The argument does little more than confirm once again that Diamond (and its counsel) will revise facts when they don't suit their needs. That is, in its opposition to class certification, Diamond's counsel, Paul Grammatico, filed a declaration claiming that he informed the declarants that he "was reaching out to gather information about relevant facts in the lawsuit." (Dkt. 37-2 ¶ 5.) Now, Mr. Grammatico avers that he informed the declarants that he "was reaching out to gather information about relevant facts regarding Diamond's fax practices ***to support Diamond's defense***." (Dkt. 44-3 ¶ 2 (emphasis added).) Mr. Grammatico also avers that he explained that the declarations "would be filed with the Court and used in Diamond's defense." (*Id.*)

This is untenable. Mr. Grammatico is altering his sworn testimony in an effort to make the facts of this case similar to those seen in *Casey v. Home Depot*, No. EDCV142069JGBSPX, 2016 WL 7479347 (C.D. Cal. Sept. 15, 2016). In *Casey*, the court refused to strike class member declarations because there was evidence that the declarants were told that: (1) they were potential members of the class and (2) that the declarations would be used to support the defendant's position. *Id.* at *7-9. Now—according to Mr. Grammatico's altered testimony—Diamond claims that it informed the declarants that it would use the declarations to support its defenses. But even if the Court accepts Diamond's counsel's revised testimony, this doesn't bring the communications into compliance with *Casey*. Critically, Diamond doesn't show that it informed the declarants that they may be members of the class. (Dkt. 42-7 ¶ 6.) Instead, Diamond claims

that it could not inform the declarants that their interests may be adverse to its own. (Opp. at 8.) This argument is specious. The issue is not—as Diamond attempts to reframe it—that Diamond failed to inform the recipient regarding what course of action may be in their interest. Rather, the issue is that Diamond failed to disclose that the declarants may have any interest at all.

Hence, Diamond's argument actually confirms that it never disclosed that the declarants may be class members or that their interests may be adverse. This is fatal: the disclosure that a declarant's interest may be adverse is critical when a defendant communicates with class members. *See Quezada v. Schneider Logistics Transloading & Distribution*, No. CV 12-2188 CAS DTBX, 2013 WL 1296761, at *1 (C.D. Cal. Mar. 25, 2013); *Mevorah v. Wells Fargo Home Mortg., Inc., a div. of Wells Fargo Bank*, No. C 05-1175 MHP, 2005 WL 4813532, at *5 (N.D. Cal. Nov. 17, 2005); *Maddock v. KB Homes, Inc.*, 248 F.R.D. 229, 237 (C.D. Cal. 2007) (finding communications to be acceptable where it was disclosed that the declarants' interests may be adverse to the defendant's interests).

Next, Diamond contends that there must be an employer-employee relationship to show circumstances that are inherently coercive. This argument should be rejected. Courts have recognized that an ongoing business relationship may be inherently coercive. *See Bowe v. Pub. Storage*, No. 1:14-CV-21559-UU, 2015 WL 10857339, at *7 (S.D. Fla. June 2, 2015) (finding communications with long-time clients to be inherently coercive); *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985) (finding communications with the defendant's customers to be inherently coercive). Applied here, all of the declarants make clear that they have an ongoing business relationship with Diamond. (Dkt. 42-2; 42-3.) This creates an inherently coercive situation, which Diamond exploited.

Diamond also asserts that Plaintiff "fails to cite any authority showing Diamond had a duty to explain legal terms to putative class members." (Opp. at 8-9.) Diamond thus concedes that it failed to explain what the term "consent" meant within the context of the JFPA. Instead, Diamond asserts that "consent" is a common term. But the evidence produced to date reveals that the declarants understood the term "consent" to relate to whether they objected to receiving faxes. (Dkt. 42-7 ¶ 4.) Critically, this is not "consent" or express permission or invitation under the

JFPA. *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 966 (7th Cir. 2020) ("evidence of permission to generally send faxes does not establish prior express permission to fax ads."). It's hard to understand how Diamond's counsel can maintain that they have employed means "consistent with the truth"—as required by Cal. Bus. & Prof. Code § 6068—by seeking and offering as evidence sworn statements for a specific purpose, while also not disclosing that purpose to the declarants.

Also noticeably absent from Diamond's opposition is any attempt to rebut the claim that it filed and continues to rely on false declarations signed by Laura Avila and Adrien Rances. (Dkt. 42-4; 42-5.) The silence speaks volumes. In addition to showing coercive communications, they demonstrate that the declarations are wholly unreliable and should be stricken.

In short, the Court should strike all of the declarations because they were obtained through misleading exchanges and restrict Diamond's communications with class members in the future.

### D.    The Undated Declarations Should Be Stricken.

Diamond also claims that the undated declarations of Laura Avila, Liana Medina, and Ivon Rodriguez substantially complied with 28 U.S.C. § 1746 because they included the "month and year of execution." (Opp. at 9.) But it was *Diamond*, not the declarants, that wrote the month and date in the declarations. (*See* Dkt. 42-2 pgs. 13-22, 38-42.) And there is no reason to believe that this date is accurate. Indeed, one of the declarants crossed out Diamond's inaccurate date and included a different date. (*See id.* pg. 9.) Put simply, these declarations are undated and thus not in compliance with 28 U.S.C. § 1746. Therefore, the Court should exercise its discretion to strike these declarations for this reason as well.

### E.    Diamond's Attempt To Relitigate Class Certification Should be Rejected.

Diamond also attempts to relitigate class certification by claiming that the declarations "merely corroborate the other evidence Diamond submitted in its Opposition establishing that Diamond obtained consent through a variety of methods." (Opp. at 10.) This argument fails.

To defeat certification, Diamond must demonstrate that individual issues predominate based on *actual evidence* of consent. *See Stemple v. QC Holdings, Inc.*, No. 12- CV-01997-BAS, 2015 WL 1344906, at *3 (S.D. Cal. Mar. 20, 2015) ("on the issue of individualized consent,

1  hypotheticals are insufficient to defeat class certification.") (citing *Meyer v. Portfolio Recovery*

2  *Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir.2012)); *see also Agne v. Papa John's Int'l, Inc.*,

3  286 F.R.D. 559, 567 (W.D. Wash. 2012). This is precisely the problem for Diamond. It's only

4  "evidence" of consent is the misleading declarations. None of the declarants, however, swore to

5  any facts to show they supposedly consented. Instead, they all provided a blanket statement that

6  they "consented", which is a legal conclusion.

7      The Court should also reject Diamond's argument that this "memory lapse" confirms that

8  a factfinder would need to hear testimony about the recollections of all of Diamond's sales

9  representatives and former employees. This argument concedes that these declarants have no

10  personal knowledge regarding how they supposedly consented, which is in line with Diamond's

11  testimony that it never obtained consent to send "marketing" related faxes. (Dkt. 34-1, at 203:14-

12  19) As such, it doesn't matter if Diamond's sales process varies because none of the class

13  members consented to receive fax advertisements.

14      As such, Diamond subjected each class member to a common course of conduct, and its

15  belated attempt to defeat certification should be rejected.

16      **F.    Civil L.R. 7-8 Applies To The Instant Motion.**

17      Diamond next claims that Plaintiff violated "Civil Local Rule 7-3(c), which requires that

18  any evidentiary and procedural objections to an opposition be contained within a party's reply."

19  (Opp. at 11.) Diamond misconstrues the rules. The motion seeks discovery sanctions pursuant to

20  Rule 37 based on Diamond's discovery violations. (Dkt. 42 pgs. 3-5; *Merch. v. Corizon Health,*

21  *Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("The district court was correct that Rule 37(c)(1) is an

22  "automatic" sanction that prohibits the use of improperly disclosed evidence." (citation omitted)).

23      Because the instant motion seeks sanctions under Rule 37, Civil L.R. 7-8 governs this

24  motion. *See* Civil L.R. 7-8. Indeed, L.R. 7-8 requires that "any motion for sanctions, regardless of

25  the sources of authority invoked . . . must be <u>separately filed</u> and the date for hearing must be set

26  in conformance with Civil L.R. 7-2". *Id.* (emphasis added). This Court has previously found that

27  Civil L.R. 7-8 applies to Rule 37 motions for sanctions. *See In re Twitter Inc. Sec. Litig.*, No. 16-

28  CV-05314-JST, 2020 WL 485547, at *2 n.2 (N.D. Cal. Jan. 30, 2020) (finding the local rules

ambiguous as to whether Rule 7-3 or 7-8 applies to motions for exclusion under Rule 37 and agreeing to consider whether defendant "violated Federal Rule of Civil Procedure 26, thereby triggering exclusion of the Nierenberg declaration under Rule 37.").

Ultimately, this argument elevates form over substance. Because this motion seeks Rule 37 sanctions, the Motion to Strike is subject to Civil L.R. 7-8.

### G.    There Is No Basis For Striking Plaintiff's Counsel's Declaration.

Diamond next argues that the Court should strike the entire declaration of Taylor T. Smith offered in support of the motion to strike because 6 out of 23 paragraphs supposedly contain hearsay. (Opp. at 12.) Diamond offers no basis for striking the entire declaration. Instead, it merely seeks to avoid a review of the facts. The proper course of action is for the Court to strike or exclude only the statements that the Court finds to be inadmissible.

And the statements aren't inadmissible. As Diamond concedes, the declaration is admissible to demonstrate counsel's attempts to communicate with class members. *See, e.g., Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 1795703, at *6 (N.D. Cal. June 20, 2007) (holding that an attorney's declaration detailing attempts to contact class members is admissible to demonstrate "counsel's efforts to obtain testimony."). The Smith Declaration is offered to show the steps that counsel undertook to communicate with the declarants as well as his inability to contact some of them. The declaration shows the harm that Plaintiff suffered through its inability to locate and contact the declarants.

And even if the Court were to disregard certain statements, they only represent a portion of the evidence in support of this Motion to Strike. Indeed, Plaintiff relies on the declaration of Rosa Briceno, Diamond's failure to timely disclose the declarants, and the declarations executed by Diamond's counsel. Plaintiff also relies on facts that Diamond concedes, including the assertion that it filed false declarations of Laura Avila and Adrien Rances, that it failed to inform class members that they may have an interest in this lawsuit, and that Diamond failed to define the term consent—all of which are supported by admissible evidence. The Court has more than enough evidence to find that Diamond's communications with class members were misleading. As such the Court should decline to strike the Smith Declaration.

### H. If The Court Does Not Strike The Declarations, Plaintiff Should Be Granted Leave To Conduct Discovery.

Finally, Diamond closes by claiming that Plaintiff's alternative request for leave to conduct discovery regarding the undisclosed declarants should be denied because Plaintiff hasn't established good cause. (Opp. at 12-13.) The Court should reject this assertion as well. If Diamond's argument is accepted, every litigant could wait to disclose their witnesses until 17 days prior to the close of discovery. This should not be tolerated. Ultimately, the Court should strike all of Defendant's declarations and preclude Diamond from relying on them. However, if for some reason the Court is not inclined to strike the declarations, then at a minimum good cause exists to reopen discovery to permit Plaintiff an opportunity to question these declarants.

## III. CONCLUSION

Diamond's opposition does little more than confirm that it has operated in bad faith. It failed to disclose its planned witnesses and coerced its existing clients to sign misleading declarations comprised mostly of legal conclusions. As such, the Court should enter an Order striking or excluding the class member declarations (or allow Plaintiff's counsel to depose the declarants) and awarding any further relief that the Court deems reasonable and just.

Respectfully,

Dated: November 26, 2021

**JEFFREY KATZ CHIROPRACTIC, INC.**, individually and on behalf of all others similarly situated,

*/s/ Patrick H. Peluso*
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
Woodrow & Peluso, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*\*pro hac vice admission*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was

served upon counsel of record by filing such papers via the Court's ECF system on November 26,

2021.

*/s/ Patrick H. Peluso*