Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY KATZ CHIROPRACTIC, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESPIRATORY CARE, INC., a California corporation,<br><br>Defendant. | Case No. 3:20-cv-04108-CRB<br><br>**PLAINTIFF'S OPPOSITION[1] TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Charles R. Breyer<br>Complaint Filed: June 22, 2020 |

## I.   INTRODUCTION

Seeking yet another bite at the proverbial apple, Defendant Diamond Respiratory Care, Inc. ("Defendant" or "Diamond") requests leave to file a thirteen (13) page sur-reply in support of its opposition to class certification.[2] In its motion, Diamond fails to identify any new evidence or issues raised in Plaintiff's reply brief—which is required prior to granting leave to file a sur-reply. Even if Diamond could identify some new issue or evidence, its proposed sur-reply is not limited in any way to new issues. Rather, Diamond's proposed sur-reply attempts to re-argue every

---

[1] As Diamond's declaration notes, its motion is opposed. (Dkt. 49-2 ¶ 2.) Per Civil L.R. 7-11(b), Plaintiff's deadline to file an opposition is Monday, December 6, 2021. As such, Plaintiff requests that the Court vacate its prior Order granting leave (dkt. 51) and consider this opposition.

[2] As a basis for its motion, Diamond claims that Plaintiff exceeded the page limit for class certification in filing its motion and its motion to strike. (Mot. at 3.) But Diamond already used the length of Plaintiff's motion as a basis to exceed the page limit in its own opposition brief (dkt. 35) and filed an opposition to the motion to strike, which included an improper attempt to relitigate class certification (dkt. 44, pg. 9). The Court shouldn't accept this rationale to justify a sur-reply.

element of class certification. (*See* Ex. 1 to Mot.) This is clearly an attempt by Diamond to have the last word on class certification, which is improper. The motion should therefore be denied.

## II. ARGUMENT

The Court should deny Diamond's motion for leave to file the sur-reply. A sur-reply is appropriate "when a party raises new issues or new evidence in a reply brief." *ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, No. 2:10-CV-02019-RRB, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011) (citing *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir.2003); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996)); *see also Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014). "Sur-replies, however, are generally discouraged 'as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *ML Liquidating Tr.*, 2011 WL 10451619, at *1 (citation omitted).

Here, Diamond asserts that a sur-reply is warranted because: (1) Plaintiff supposedly submitted "new" evidence in its Reply brief, (2) a nonbinding decision in this district was issued after the filing of its opposition, and (3) Plaintiff purportedly mispresented the record and failed to address controlling Supreme Court and Ninth Circuit authority. (Mot. at 3.) Each of these arguments falls apart. As explained below, Diamond cannot point to any new evidence or any new arguments[3] that were raised in Plaintiff's reply, and Plaintiff hasn't misrepresented anything in this case. As such, a sur-reply is not warranted.

### A. Diamond fails to identify any new evidence submitted in Plaintiff's reply.

As a preliminary matter, even if Diamond could identify new evidence (it can't), it has already waived any objections by failing to timely object. The local rules require as follows:

> If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed.

---

[3] Nowhere in its motion for leave or the attached proposed sur-reply does Diamond claim that Plaintiff raised any new arguments in its reply—which leaves only the supposed raising of new evidence as the potential basis for Diamond's sur-reply.

OPPOSITION TO ADMIN. MOT. FOR SUR-REPLY
CASE NO. 3:20-CV-04108-CRB

2

Civil L.R. 7-3(d)(1)[4]; *see also Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171 (9th Cir. 2018) (considering a party's failure to comply with Civil L.R. 7-3(d)). To mitigate unfairness, the Court may, following an objection, grant the "objecting party leave to file a sur-reply opposition to the new matter." *Dutta*, 895 F.3d at 1171 (citation omitted). However, "[i]f a party does not object to or challenge the improper submission of new evidence before the district court, the party who fails to object has 'waived any challenge on the admissibility of [the] evidence.'" *Id.*

Here, Diamond failed to timely object to any potential "new evidence." Plaintiff's reply was filed on November 4, 2021 (dkt. 43), which placed Diamond's deadline to object on November 12, 2021. Rather than file any objections, Diamond waited 26-days to seek leave to file a sur-reply, the bulk of which reargues certification issues. As such, such objections have been waived.

And even if Diamond had timely objected, it still hasn't identified any *new evidence*. Diamond's sole claim of "new evidence" is the Smith Declaration. (Mot. at 3.) To hear Diamond tell it, the Smith Declaration purports "to undermine sworn statements from putative class members." (*Id.*) While it is true that "new evidence" asserted in a reply is generally not permitted, "evidence submitted with a reply brief is <u>not new evidence</u> when it is submitted to <u>rebut arguments raised in the opposition brief</u>." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (emphasis added). Hence, by admitting that the declaration was offered to rebut the misleading class member declarations—some of which were provided, for the first time, in Diamond's opposition brief (*see* Dkt. 37 pgs. 11-15)—Diamond has argued itself out of being able to show that this is "new evidence" at all.

Because the Smith Declaration is not (per Diamond's own arguments) new evidence, the Court should deny Diamond's attempt to relitigate certification.

**B.   A nonbinding court decision does not warrant a sur-reply.**

Diamond next asserts that the nonbinding decision in *True Health Chiropractic Inc. v. McKesson Corp.*, 2021 WL 4818945 (N.D. Cal. Oct. 15, 2021) presents another basis for allowing its sur-reply. (Mot. at 3.) Once again, Diamond ignores Civil L.R. 7-3, which requires parties to

---

[4] Somewhat ironically, Diamond erroneously cited the same rule as a basis to deny Plaintiff's motion to strike. (*See* Dkt. 44, pg. 11.) Diamond was plainly aware of this rule.

alert the Court to "a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision." Civil. L. R. 7-3(d)(2). Because the local rules provide an avenue for alerting the Court to newly decided cases, this Court has previously held that new opinions do not warrant supplemental briefing. *See Jones v. Life Ins. Co. of N. Am.*, No. 08-CV-03971-RMW, 2015 WL 8753996, at *1 (N.D. Cal. Dec. 15, 2015) (denying a request to file a supplement brief regarding a recent decision because Civil L.R. 7-3(d)(2) "does not permit supplemental briefing."). And in any case, Diamond already addressed *True Health*'s denial of class certification in its opposition brief. (*See* Dkt 37, pg. 18.) *True Health* provides no basis for permitting a sur-reply here.

### C. Diamond's assertion that Plaintiff misrepresented the record and invited reversible error merely seeks to re-hash its prior arguments.

Diamond also claims that a sur-reply is warranted because Plaintiff has supposedly misrepresented "the record with regard to the available class records, consent, and Katz's adequacy as a class representative" (mot. at 3) and invited "the Court to commit reversible error" (*id.*). This is untrue and an attempt to re-hash its prior arguments.

For example, Diamond's perceived "misrepresentations" include that its evidence of consent is sufficient to defeat certification (*See* Ex. 1 to Mot. at pg. 6) and that it is "undisputed" that thousands of the numbers on the fax list were "never sent a fax." (*Id.* at pg. 2.) While neither of these assertions is true, they are also the same arguments that Diamond raised in its opposition brief to class certification. (*See* Dkt. 37, pgs. 11-15 (arguing that its evidence of consent defeats certification), *see also id.*, pg. 9 (arguing that some of the numbers on the fax list "did not receive a fax")). Additionally, Diamond claims that Plaintiff ignored the following authorities: *TransUnion LLC v. Ramirez* and *Mazza v. American Honda Motor Co., Inc.* (Ex. 1 pg. 10) and *Ellis v. Costco Wholesale Corp.* (Ex. 1 at pgs. 11-12). Once again, Diamond previously raised and argued all of these cases in its opposition brief. (*See* Dkt. 37, pgs. 16, 20.)

Diamond's attempt to restate arguments it previously raised—even if framed as "misrepresentations"—does not provide a basis to file a sur-reply. *See, e.g., Banga*, 29 F. Supp. 3d at 1276 (denying sur-reply because plaintiff "failed to specifically identify any new evidence or

legal argument" and instead identified "incorrect statements *mischaracterizing* [her] position") (emphasis added); *Y-Tex Corp. v. Schenker, Inc.*, No. C10-1264 RSL, 2011 WL 2292352, at *1 (W.D. Wash. June 8, 2011) (denying sur-reply where "Hapag did not raise new arguments in its reply brief. Rather, Hapag responded to arguments made by Schenker in its response. Additionally, Schenker merely repeats arguments and re-hashes previously provided evidence in its sur-reply.").

Worse yet, Diamond's claim that Plaintiff has misrepresented settlement negotiations by claiming that it requested "that Diamond change its (legal) faxing practice" (Ex. 1 to Mot. at 12) is false. Attached hereto as Ex. A is a copy of the email from Paul Grammatico (the same attorney that signed and filed Diamond's motion) in which he confirms that Diamond agreed to such prospective relief. In relevant part, Mr. Grammatico stated:

> We discussed with Diamond the Plaintiff's demand that Diamond commit to having consent to send all future faxes and to comply with the TCPA moving forward. Diamond is willing to commit to doing so and include language in the settlement agreement reflecting that.

(Ex. A.) It is frankly bizarre for Diamond to now falsely represent to the Court that it never agreed to such prospective relief.[5]

Given that Diamond simply desires to relitigate the same, misguided arguments raised in its opposition to class certification, a sur-reply is inappropriate.

### D. In the event leave to file the sur-reply is granted, Plaintiff should be permitted to file a sur-response.

To the extent the Court permits Diamond to file its sur-reply, Plaintiff should be permitted to respond. The better course of action is to deny the instant motion. Class certification is fully briefed, and Diamond's proposed sur-reply does nothing more than re-hash its prior arguments based on various failed assertions. Nevertheless, and solely in the alternative, if Diamond is permitted to push its falsehoods, then Plaintiff should have a fair opportunity to respond.

### III. CONCLUSION

For all these reasons, the Court should deny Diamond's motion for leave to file a sur-reply.

---

[5] Diamond's contention is frankly so baseless that the Court should consider issuing an Order to Show Cause as to why its counsel should not be sanctioned for including materially false statements in a filing. Neither the parties nor the Court are well-served by such falsehoods.

OPPOSITION TO ADMIN. MOT. FOR SUR-REPLY             5
CASE NO. 3:20-CV-04108-CRB

Dated: December 2, 2021

Respectfully,

**JEFFREY KATZ CHIROPRACTIC, INC.**, individually and on behalf of all others similarly situated,

*/s/ Patrick H. Peluso*
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow
swoodrow@woodrowpeluso.com*
Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Taylor T. Smith
tsmith@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on December 2, 2021.

   /s/ Patrick H. Peluso